**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 26 2000**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

ARLEN ROSE,

      Plaintiff - Appellant,

vs.

No. 98-7166

THE UNIROYAL GOODRICH TIRE
COMPANY, an affiliated division of
Michelin North America, Inc.,

      Defendant - Appellee.

## APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA
### (D.C. No. 97-CV-398-B)

Dan Little, Little, Little, Little, Windel & Coppedge, Madill, Oklahoma, for
Plaintiff - Appellant.

Victor Fred Albert, McKinney & Stringer, P.C., Oklahoma City, Oklahoma, for
Defendant - Appellee.

Before **SEYMOUR**, **KELLY**, and **LUCERO**, Circuit Judges.

**KELLY**, Circuit Judge.

      This case requires us to determine the extent to which a plea of nolo

contendere is admissible in a civil action as evidence of an employer's rationale

for terminating an employee.

## Background

Plaintiff-Appellant Arlen Rose was employed as a First Stage Tire Builder at Defendant Michelin's Ardmore tire plant from April 4, 1984 until October 5, 1994. In 1992, Michelin implemented a Drug-Free Workplace Employment Guide, which specified the company's zero tolerance policy toward illegal drug use. Part II(C) and V of that policy stated:

> The possession, use, manufacture, distribution, or sale
> of illegal or medically unauthorized controlled drugs off
> Company premises that adversely affects the employees
> work performance, their own or others' safety at work,
> or the Company's regard or reputation in the community
> is prohibited.
> . . . . . .
> Violation of this policy is considered a serious
> infraction and will result in disciplinary action.

V Aplt. App. at 804, 805.

On August 16, 1994, Arlen Rose and his brother Randy were arrested by local police officers who reported finding drugs and weapons in the home where the brothers were living. The arrest was reported the next day in an article in the local paper. See id. at 821. Mr. Rose was charged with possession and intent to distribute a controlled, dangerous substance, possession of firearms during the commission of a felony and possession of drug paraphernalia. Following the

arrest, he was suspended from work under Michelin's "Suspension Following Serious Criminal Charges" policy. Id. at 806.

On September 30, pursuant to an agreement with the local district attorney, Mr. Rose pled nolo contendere to a misdemeanor charge of possession of marijuana, and the felony charges against him were dropped. The court ordered him to pay over $1,000 in fines but deferred the imposition of judgment and sentence for one year. Id. at 818. Michelin subsequently learned about Mr. Rose's plea and terminated him on October 5, 1994 for violation of the Drug-Free Workplace Policy. [1]

At the time, Michelin had a Fair Treatment Policy which employees could follow to contest work-related situations. Id. at 802. The first step in this procedure was to discuss the problem with the supervisor and then consult with successive levels of management. One step in the process provided:

> If the problem is not satisfactorily resolved at the facility, the Personnel Department will arrange for further management review and, if necessary, the Facility Personnel Manager will convene a Fair Treatment Panel.

Id. A Fair Treatment Panel consisted of three non-management Michelin

---

[1] With the possible exception of the Drug-Free Workplace Policy and the Fair Treatment Policy, Mr. Rose was an employee at will and could be fired "at any time for any reason" absent a specific written agreement to the contrary. V Aplt. App. at 808 (Michelin "Termination of Wage Employment" Policy).

employees who reviewed the situation and had the authority to override management's decision. IV Aplt. App. at 536. Mr. Rose specifically requested a Fair Treatment Panel at the time of his termination, <u>see</u> V Aplt. App. at 814, but his request was denied.

Over two years later, on April 30, 1997, Mr. Rose successfully sought and received an Order of Expungement of the record of his no contest plea. II Aplt. App. at 218. Upon his continued request, Michelin granted Mr. Rose a Fair Treatment Panel hearing in July of 1997. The three member panel considered Mr. Rose's plea and held "that the termination of . . . Arlen Rose was justified and we uphold the Company's decision of termination." <u>Id</u>. at 225.

Mr. Rose filed the instant suit on July 3, 1997, the day after the Fair Treatment Panel decision, claiming wrongful discharge as (1) a public policy tort and (2) breach of an implied employment contract. In a motion in limine, he sought to exclude all evidence relating to his nolo contendere plea. The district court denied the motion, granted summary judgment to Michelin on the public policy tort claim, and submitted the implied contract claim to the jury. By special verdict, the jury determined that Michelin followed both the Drug-Free Workplace Policy and the Fair Treatment Policy in terminating Mr. Rose. III Aplt. App. at 473-74. This appeal followed. Our jurisdiction arises under 28 U.S.C. § 1291 and we affirm.

## Plea of Nolo Contendere

Mr. Rose argues that the district court erred in denying his motion in limine and admitting evidence of his plea of nolo contendere at trial. He relies upon Fed. R. Evid. 410 and Okla Stat. Ann. tit. 22, § 513 (West 1992) as support for his argument. We review both the denial of the motion in limine and the subsequent admission of the nolo contedere plea under an abuse of discretion standard. See Den Hartog v. Wasatch Academy, 129 F.3d 1076, 1092 (10th Cir. 1997).

Rule 410 states, in relevant part: "[E]vidence of the following is not, in any civil or criminal proceeding, admissible against the defendant who made the plea . . . (2) a plea of nolo contendere." [2] See also Fed. R. Crim. P. 11(e)(6) (similar prohibition); Fed. R. Evid. 803(22) (excluding plea of nolo contendere from exceptions to hearsay rule). The Oklahoma statute is similar. "The legal effect of [a nolo contendere] plea shall be the same as that of a plea of guilty, but the plea may not be used against the defendant as an admission in any civil suit based upon or growing out of the act upon which the criminal prosecution is

---

[2]Okla. Stat. Ann. tit. 12, § 2410 (West 1992) is the almost verbatim state version of Fed. R. Evid. 410. Mr. Rose does not argue this statute as a basis for reversal, apparently acknowledging that the federal rules govern evidentiary issues in this case. See generally Blanke v. Alexander, 152 F.3d 1224, 1231 (10th Cir. 1998) ("The admissibility of evidence in diversity cases in federal court is generally governed by federal law.").

based." Okla. Stat. Ann. tit. 22, § 513 (West. 1992).

As an initial matter, we note that these rules, by their very terms, only apply to the admission of a plea in "a civil or criminal proceeding" or a "civil suit." See Myers v. Secretary of Health & Human Servs., 893 F.2d 840, 843 (6th Cir. 1990) (plea of nolo contendere admissible in administrative proceeding); see also State v. Bradley, 746 P.2d 1130, 1134 (Okla. 1987) (admissible in attorney disciplinary proceeding). Michelin's employment decision-making process, including the Fair Treatment Panel, does not fall within either of these definitions. Moreover, by their very nature, the Federal Rules of Evidence do not apply to the personnel decisions of private companies. See generally Fed. R. Evid. 1101. Therefore, Mr. Rose's plea of nolo contendere could properly be used by Michelin as a basis for terminating his employment.

The question we must then decide is whether Mr. Rose could affirmatively use the general rule against admission of nolo contendere pleas to prevent Michelin from introducing the very evidence it relied upon in making the termination decision. We hold that he may not. As aptly stated by the district court, "to permit Plaintiff to proceed at trial unchecked by the realities of the circumstances leading to his termination is simply unjust and will not be permitted." III Aplt. App. at 433.

There are two primary reasons behind holding nolo pleas inadmissible, and

neither rationale would be furthered by exclusion in this case. First, although a plea of nolo contendere has the same _legal_ effect as a guilty plea, it is not a _factual_ admission to the underlying crime. See Olsen v. Correiro, 189 F.3d 52, 59 (1st Cir. 1999). A defendant who otherwise would plead guilty may choose to take a nolo plea to prevent the plea from being used as an admission in a subsequent civil action. "A second reason . . . [for the] exclusion of nolo pleas is a desire to encourage compromise resolution of criminal cases." Id. at 60. Both of these reasons assume a situation in which the criminal defendant is being sued in a later civil action, and the plea is offered as proof of guilt.

In the present case, however, the nolo contendere plea is not being admitted "against the defendant." As the Sixth Circuit has convincingly noted:

> This case does not present the kind of situation contemplated by Rule 410: the use of a nolo contendere plea against the pleader in a subsequent civil or criminal action in which he is the defendant. In this case, . . . the persons who entered prior no-contest pleas are now plaintiffs in a civil action. Accordingly, use of the no-contest plea . . . is not "against the defendant" within the meaning of Fed. R. Evid. 410. This use would be more accurately characterized as "for" the benefit of the "new" civil defendants . . . .

Walker v. Schaeffer, 854 F.2d 138, 143 (6th Cir. 1988) (citations omitted). Oklahoma has adopted this same rationale in interpreting Okla. Stat. tit. 22, § 513. See DeLong v. State, 956 P.2d 937, 938 (Okla. Ct. App. 1998) (citing Irwin

v. SWO Acquisition Corp., 830 P.2d 587 (Okla. Ct. App. 1992)). In DeLong, the court noted that the purpose of the Oklahoma exclusionary rules – Okla. Stat. tit. 12, § 2410 and tit. 22 § 513 – is to "proscribe 'offensive' use of a nolo contendere plea . . ., not to proscribe 'defensive' use of the admission against the criminal defendant in a case where the criminal defendant sought to recover damages . . . ." DeLong, 956 P.2d at 938.

We will not construe either Rule 410 or the Oklahoma statutes to allow an employee plaintiff to affirmatively prevent an employer from presenting the very evidence used as a basis for its termination decision. Such a result would unfairly hogtie the employer and lead the jury to believe that the employee's termination was groundless. Nor will we review the wisdom of the termination in light of Mr. Rose's nolo contendere plea. As this court has repeatedly noted, our role is "not to act as a 'super personnel department' that second guesses employers' business judgments." Simms v. Oklahoma, 165 F.3d 1321, 1330 (10th Cir. 1999) (citation omitted). There was adequate evidence for the jury to find that the events surrounding Mr. Rose's arrest and plea affected Michelin's regard and reputation in the community and the company did not violate its policies. Therefore, there was no error in admitting evidence of the plea of nolo contendere and the jury verdict must stand.

## Jury Instruction

Mr. Rose argues that the district court erred in giving jury instruction No. 12 which stated: "A nolo contendere plea has the same legal effect as a guilty plea." III Aplt. App. at 495. We review the instructions de novo "'to determine whether, as a whole, the instructions correctly stated the governing law and provided the jury with an ample understanding of the issues and applicable standards.'" Hynes v. Energy West, Inc., 211 F.3d 1193, 1197 (10th Cir. 2000) (citation omitted). The substance of the jury instructions in a diversity case is a matter of state law. Id.

Instruction 12 is an almost verbatim recitation of the first part of Okla. Stat. tit. 22, § 513 – "The legal effect of [a plea of nolo contendere] shall be the same as that of a plea of guilty . . . ." Mr. Rose contends, however, that it was error to give the instruction without reference to the entire sentence in § 513, i.e. " . . . but the plea may not be used against the defendant as an admission in any civil suit based upon or growing out of the act upon which the criminal prosecution is based." We disagree. The admissibility of the plea was a decision for the trial court. As we have discussed, the second part of § 513 does not apply to this case and was properly excluded from the instructions.

## Fair Treatment Panel

The remaining arguments are quickly resolved. Mr. Rose claims that the judge erred in instructing the jury that Michelin was not obligated to convene a Fair Treatment Panel. See III Aplt. App. at 496 (Jury Instruction No. 13, stating "the convening of a Fair Treatment Panel is clearly not mandatory"). "Under Oklahoma law, it is well-settled that the interpretation of an unambiguous contract is a question of law for the court." Dillard & Sons Const., Inc. v. Burnup & Sims Comtec, Inc., 51 F.3d 910, 914 (10th Cir. 1995). Michelin's policy clearly stated that management need only convene a Fair Treatment Panel "if necessary." This language is unambiguous and there was no error in so instructing the jury. [3]

Finally, Mr. Rose argues that Michelin violated Okla. Stat. tit. 63, § 2-410 by considering his expunged arrest and plea at the time of the Fair Treatment Panel in 1997. He argues that the trial court also impermissibly permitted the introduction of evidence regarding the expunged proceedings. In relevant part, the Oklahoma statute provides that "[a]ny expunged arrest or conviction shall not

---

[3]There was also no error in denying Mr. Rose's motion for summary judgment on this issue, because the clear language of the policy did not provide a right to a mandatory Fair Treatment Panel. We note that the denial of a motion for summary judgment is generally not appealable. As is the case here, however, "when the material facts are not in dispute and the denial of summary judgment is based on the interpretation of a purely legal question, such a decision is appealable after final judgment." Wolfgang v. Mid-America Motorsports, Inc., 111 F.3d 1515, 1521 (10th Cir. 1997).

thereafter be regarded as an arrest or conviction for purposes of employment . . . ." Okla. Stat. tit. 63, § 2-410. The key word in the statute is "thereafter." While an employer may not rely upon expunged proceedings in making termination decisions, it "could rely on any information concerning plaintiff's conduct that it received before the expungement order became effective, and after the expungement order it was entitled to present at a due process hearing the information on which it relied in making the initial decision." Ambus v. Granite Bd. of Educ., 975 F.2d 1555, 1567 (10th Cir. 1992) (interpreting similar provision of Utah law). That is exactly what happened in this case, and no error occurred.

AFFIRMED.