[Cite as *State v. Hubbs*, 2010-Ohio-4849.]

STATE OF OHIO, COLUMBIANA COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO. 09 CO 24 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | O P I N I O N |
| | ) | |
| THOMAS HUBBS, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |


CHARACTER OF PROCEEDINGS:    Criminal Appeal from Common Pleas
                             Court, Case No. 08CR68.


JUDGMENT:                    Reversed and Remanded.


APPEARANCES:
For Plaintiff-Appellee:      Attorney Robert Herron
                             Prosecuting Attorney
                             Attorney Tammie Jones
                             Assistant Prosecuting Attorney
                             105 South Market Street
                             Lisbon, Ohio  44432


For Defendant-Appellant:     Attorney Bryan Felmet
                             1100 Jackson Place
                             Steubenville, Ohio  43952


JUDGES:
Hon. Joseph J. Vukovich
Hon. Gene Donofrio
Hon. Mary DeGenaro


                             Dated:  September 29, 2010

VUKOVICH, P.J.

¶{1} Defendant-appellant Thomas Hubbs appeals the decision of the Columbiana County Common Pleas Court finding him guilty of one count of driving under the influence in violation of R.C. 4511.19(A)(1)(i). Counsel for Hubbs has filed a no merit brief and requested leave to withdraw. Thus, the issue before this court is whether the appeal is frivolous, i.e. whether there are any appealable issues. We find that there is an appealable issue and for the reasons discussed below, the plea and conviction are vacated, the trial court's suppression ruling is reversed and the matter is remanded for further proceedings.

## STATEMENT OF CASE

¶{2} At 2:13 a.m. on March 3, 2008, Trooper Smith was dispatched to a one car accident at Mahoning Avenue and Hartley Road in Columbiana County, Ohio. Trooper Smith found Hubbs asleep in the passenger seat. The trooper noticed open containers of beer in the cab and observed that Hubbs' breath smelled of alcohol and that his eyes were red and glassy. The trooper asked Hubbs if he was driving and Hubbs admitted that he was. He then explained that his automobile ended up in the yard because the road was icy. The trooper also asked Hubbs if anyone else was with him. He explained that his son had been with him but left after the accident because he did not like police. Field sobriety tests were then performed on Hubbs, which he failed. The trooper attempted to administer a breath test on Hubbs, however, Hubbs failed to give a sample correctly. As such, a urine specimen was taken and that test indicated that Hubbs had 0.340 grams by weight of alcohol per one hundred milliliters of urine, which is above the legal limit.

¶{3} As a result of the accident, a complaint was issued against Hubbs in Columbiana County Municipal Court; the complaint alleged that Hubbs failed to control his vehicle, a minor misdemeanor, and that he was driving under the influence of alcohol in violation of R.C. 4511.19(A)(1)(a). Hubbs pled no contest to the failure to control charge and was found guilty. The driving under the influence charge was bound over to the common pleas court. The grand jury then issued a two count indictment against Hubbs. Count one asserted a violation of R.C. 4511.19(A)(1)(a), driving under the influence of alcohol, a fourth degree felony; and count two asserted a violation of R.C. 4511.19(A)(1)(i), driving under the influence of alcohol when he had a

concentration of two hundred-thirty-eight-thousandths of one gram or more by weight of alcohol per one hundred milliliters of his urine, a fourth degree felony. Both counts contained the specification that Hubbs within the last twenty years had been previously convicted of or pleaded guilty to five or more equivalent offenses.

¶{4} Hubbs entered a not guilty plea to the DUI charges. On March 10, 2009, the state filed a motion in limine asking for the court to find that the conviction for failure to control in the municipal court (that arose out of the same incident that led to the DUI charges) was admissible. The state filed this motion because Hubbs began asserting that he was not the driver of the vehicle, and as such, he claimed he could not be guilty of the DUI offenses. It appears Hubbs was asserting that his son was the driver. In response to the state's motion, Hubbs filed a Motion to Suppress requesting the trial court prohibit the admission of the no contest plea and conviction to the failure to control charge. The state then filed a motion in opposition to the Motion to Suppress. Considering the motions before it, the trial court found that the conviction for failure to control was admissible in the felony DUI proceedings. It held as such because the minor misdemeanor traffic offense of failure to control arose out of the same incident as the DUI offense. 04/01/09 J.E.

¶{5} Following that ruling, Hubbs and the state reached a plea agreement, whereby Hubbs would plead no contest to the second count of the indictment for a violation of R.C. 4511.19(A)(1)(i) and the attached specification, and the state would dismiss the first count for a violation of R.C. 4511.19(A)(1)(a). Following the plea, the trial court found Hubbs guilty of R.C. 4511.19(A)(1)(i) and the specification. Accordingly, he was sentenced to twelve months incarceration, which included the mandatory 120 days, he was fined $1,500, and his license was suspended for 99 years. 07/03/09 J.E. Hubbs filed a timely appeal from the conviction and sentence.

ANALYSIS

¶{6} When appellate counsel seeks to withdraw and discloses that there are no meritorious arguments for appeal, the filing is known as a no merit brief or an *Anders* brief. See *Anders v. California* (1967), 386 U.S. 738. In this district, it has also been called a *Toney* brief. See *State v. Toney* (1970), 23 Ohio App.2d 203.

¶{7} In *Toney,* this court set forth the procedure to be used when counsel of record determines that an indigent's appeal is frivolous:

**¶{8}** "3. Where court-appointed counsel, with long and extensive experience in criminal practice, concludes that the indigent's appeal is frivolous and that there is no assignment of error which could be arguably supported on appeal, he should so advise the appointing court by brief and request that he be permitted to withdraw as counsel of record.

**¶{9}** "4. Court-appointed counsel's conclusions and motion to withdraw as counsel of record should be transmitted forthwith to the indigent, and the indigent should be granted time to raise any points that he chooses, pro se.

**¶{10}** "5. It is the duty of the Court of Appeals to fully examine the proceedings in the trial court, the brief of appointed counsel, the arguments pro se of the indigent, and then determine whether or not the appeal is wholly frivolous.

**¶{11}** "* * *

**¶{12}** "7. Where the Court of Appeals determines that an indigent's appeal is wholly frivolous, the motion of court-appointed counsel to withdraw as counsel of record should be allowed, and the judgment of the trial court should be affirmed." Id. at syllabus.

**¶{13}** The no merit brief was filed by counsel on December 7, 2009. On December 18, 2009, this court informed Hubbs of counsel's no merit brief and granted him 30 days to file his own written brief. 12/18/09 J.E. Hubbs has not filed a *pro se* brief. Thus, we will proceed to independently examine the record to determine whether the appeal is frivolous.

**¶{14}** As aforementioned, during pre-trial proceedings, the state filed a motion in limine asking for the court to find that the conviction for failure to control was admissible and Hubbs filed a motion to suppress the admission of that conviction and no contest plea on the basis of Crim.R. 11(B) and Evid.R. 410. The trial court deemed that the conviction could be used.

**¶{15}** Generally, motions to suppress are used to raise challenges to evidence that is alleged to have been obtained in violation of the Constitution, while motions in limine are used to raise challenges to evidence based on the Rules of Evidence. *State v. Edwards*, 107 Ohio St.3d 16, 2005-Ohio-6180, ¶16 (addressing motions in limine); *State v. French* (1995), 72 Ohio St.3d 446, 449 (addressing suppression motions). However, the Ohio Supreme Court has not strictly limited motions to suppress to constitutional violations. *French*, supra at 450-451. It explained:

¶{16} "[T]he *Kretz* court noted that the intent of the Rules of Criminal Procedure 'is to determine matters before trial when possible.' *Id.* at 4. This policy 'applies not only to constitutional issues but also to non-constitutional claims capable of determination without a trial on the general merits.' *State v. Ulis* (1992), 65 Ohio St.3d 83, 85." Id.

¶{17} While Crim.R. 11(B) and Evid.R. 410 govern the admissibility of a prior conviction in a subsequent proceedings, in the limited situation before this court, we do not view the trial court's ruling as an in limine ruling, rather we view it as a suppression ruling. The admissibility of Hubbs' prior conviction can be resolved without a trial on the general merits. Furthermore, permitting Hubbs to file a motion to suppress in this limited situation protects his due process rights during his criminal proceedings.

¶{18} Consequently, the trial court's suppression ruling is reviewable on appeal. See generally, Crim.R. 12(I); *State v. Ulis* (1992), 65 Ohio St.3d 83. Cf. *State v. Stanley*, 7th Dist. No. 03CO41, 2004-Ohio-3040, ¶27 (indicating that a no contest plea does not preserve for appellate review the trial court's in limine ruling).

¶{19} Our standard of review on a suppression decision requires us to determine whether the trial court's findings are supported by competent, credible evidence. *State v. Roberts,* 110 Ohio St.3d 71, 2006-Ohio-3665, ¶100. Thus, the general rule is that the trial court as fact-finder is in the best position to resolve questions of fact and evaluate the credibility of witnesses. *State v. Mills* (1992), 62 Ohio St.3d 357, 366, citing *State v. Fanning* (1982), 1 Ohio St.3d 19, 20. Our only independent determination is whether the trial court applied the appropriate legal standard. *Roberts,* 110 Ohio St.3d 71 at ¶100.

¶{20} The issue raised in the suppression motion was whether Hubbs' misdemeanor conviction for failure to control, which was the result of a no contest plea, was admissible in the proceedings against him for felony DUI charges. Although the DUI offense and the failure to control charge both arose from the one car accident that occurred on March 3, 2008, they were adjudicated separately; the misdemeanor conviction occurred prior to the felony proceeding. The trial court determined that since the charges arose from the same transaction, the misdemeanor conviction was admissible in the felony proceedings.

**¶{21}** The question presented to the trial court and its subsequent ruling centered around a purely legal question that did not involve any questions of fact or evaluations of witness credibility. Thus, we employ a de novo standard of review.

**¶{22}** Crim.R. 11(B)(2) states that a no contest plea "shall not be used against the defendant in any subsequent civil or criminal proceeding." Similarly, Evid.R. 410(A)(2) provides that a no contest plea is not admissible in "any civil or criminal proceeding against the defendant who made the plea."

**¶{23}** While the language of these rules focus on the no contest plea and not the conviction that resulted from the no contest plea, the Ohio Supreme Court has recently held that these rules also prevent the use of convictions based on no contest pleas. *Elevators Mut. Ins. Co. v. J. Patrick O'Flaherty's*, __ Ohio St.3d __, 2010-Ohio-1043, ¶14. It provided the following reason for coming to that conclusion:

**¶{24}** "The purpose behind the inadmissibility of no contest pleas in subsequent proceedings is to encourage plea bargaining as a means of resolving criminal cases by removing any civil consequences of the plea. *Mapes,* 19 Ohio St.3d at 111; *Rose v. Uniroyal Goodrich Tire Co.* (C.A.10, 2000), 219 F.3d 1216, 1220. The rule also protects the traditional characteristic of the no contest plea, which is to avoid the admission of guilt. Id. The prohibition against admitting evidence of no contest pleas was intended generally to apply to a civil suit by the victim of the crime against the defendant for injuries resulting from the criminal acts underlying the plea. *Allstate Ins. Co. v. Simansky* (1998), 45 Conn.Supp. 623, 628, 738 A.2d 231. The plain language of Evid.R. 410(A) prohibits admission of a no contest plea, and the prohibition must likewise apply to the resulting conviction. To find otherwise would thwart the underlying purpose of the rule and fail to preserve the essential nature of the no contest plea." Id.

**¶{25}** Based on the above rules and case law, we disagree with the trial court's holding that the misdemeanor conviction from the no contest was admissible in the proceedings for the felony charges. The fact that the misdemeanor and felony charges arose from the same transaction does not constitute a reason to disregard the aforementioned court cases as well as the clear language set forth in the rules of evidence and criminal procedure. The focus in the rules and in *Elevators* is that the no contest plea and conviction resulting from that plea cannot be used in **any** action. There is no distinction in either the rules or the case law between pleas entered in

proceedings arising out of the same incident and those arising out of separate incidents. Consequently, the trial court erred in failing to suppress the misdemeanor failure to control conviction.

¶{26} In some situations this error may not be reversible. However, given the record before us, we find that in this instance it was prejudicial and requires reversal.

¶{27} During sentencing, Hubbs stated that he would not have pled to the DUI charge had the trial court suppressed the failure to control conviction. 06/29/09 Sentencing Tr. 27. He claimed that he was not the driver of the vehicle. 06/29/09 Sentencing Tr. 27.

¶{28} In order to be convicted of R.C. 4511.19(A)(1)(i), Hubbs had to have operated the vehicle while having a prohibited level of alcohol in his urine. While the record clearly indicates that Hubbs did have a prohibited level of alcohol in his urine, the record is not as clear as to whether Hubbs was the driver of the vehicle. The record before this court reveals that at the time of the stop on March 3, 2008, Hubbs was sitting in the passenger seat, was the only person found in the vehicle, and he admitted to Trooper Smith that he was the driver of the vehicle. Presumably, if the case would have gone to trial, the trooper would have testified to as much. However, the record also reveals that Hubbs additionally told the trooper that his son was with him, but had left the scene prior to the trooper arriving because he did not like police. The record contains a subpoena for Hubbs son to testify if the DUI charges went to trial. It appears that Hubbs' son testimony would indicate that he, not Hubbs, was the actual driver of the vehicle.

¶{29} Thus, we cannot find that the record before us clearly indicates that Hubbs was the driver of the vehicle. Rather, we find that the record contains a factual dispute/credibility determination that is best left to the trier of fact. *Seasons Coal Co., Inc. v. Cleveland* (1984), 10 Ohio St.3d 77, 80; *State v. DeHass* (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. The trier of fact is in the best position to decide to believe Hubbs' son that Hubbs was not the driver of the vehicle, or to believe the statement Hubbs made to Trooper Smith that he was the driver of the vehicle.

¶{30} As such, since Hubbs clearly stated that he would have gone to trial on the DUI charges had the trial court suppressed the failure to control conviction and since there is a factual determination as to whether he was the driver of the vehicle, we must conclude that Hubbs was prejudiced by the trial court's suppression ruling.

We cannot conclude that the conviction and/or plea would have occurred if the trial court properly suppressed the misdemeanor conviction.  The suppression ruling is reversed, the plea and sentence is vacated, and the cause is remanded to the trial court for further proceedings.[1]

Donofrio, J., concurs.
DeGenaro, J., concurs.

---

[1]Since we are already vacating the plea and sentence, reversing the suppression ruling and remanding the cause to the trial court for further proceedings, we do not need to decide whether the plea complied with Crim.R. 11's constitutional and nonconstitutional mandates.  Likewise, any sentencing issues also do not need to be addressed.  Neither of those issues would result in out right dismissal of the charges.  Any ruling on those issues would be dicta.