[Cite as *State v. Hubbs*, 196 Ohio App.3d 682, 2011-Ohio-6152.]

STATE OF OHIO, COLUMBIANA COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| THE STATE OF OHIO, | ) | |
| | ) | CASE NO.    09 CO 24 |
| APPELLEE, | ) | |
| | ) | |
| V. | ) | O P I N I O N |
| | ) | |
| HUBBS, | ) | |
| | ) | |
| APPELLANT            . | ) | |

CHARACTER OF PROCEEDINGS:     Criminal Appeal from Common Pleas
Court, Case No. 08CR68.


JUDGMENT:     Reversed and Remanded (Prior decision
of this Court Upheld).


APPEARANCES:

Robert Herron,
Columbiana County Prosecuting Attorney,
And Tammie Riley Jones,
Assistant Prosecuting Attorney,
For appellee.


Bryan Felmet, for appellant.


JUDGES:
Hon. Joseph J. Vukovich
Hon. Gene Donofrio
Hon. Mary DeGenaro

Dated:  November 28, 2011

VUKOVICH, Judge.

{¶ 1} Defendant-appellant, Thomas Hubbs, appealed the decision of the Columbiana County Common Pleas Court, finding him guilty of one count of driving under the influence ("DUI") in violation of R.C. 4511.19(A)(1)(i). Counsel for Hubbs filed no merit brief and requested leave to withdraw.

{¶ 2} On September 29, 2010, this court found that there was an appealable issue, and based on the Supreme Court's decision in *Elevators Mut. Ins. Co. v. J. Patrick O'Flaherty's*, 125 Ohio St.3d 362, 2010-Ohio-1043, we vacated the no-contest plea and conviction and remanded the matter to the trial court for further proceedings. *State v. Hubbs*, 7th Dist. No. 09CO24, 2010-Ohio-4849 (*Hubbs I*). The state appealed our decision to the Supreme Court on the basis that it was not given the opportunity to brief the appealable issue prior to this court's ruling on it. The Supreme Court did not accept the appeal for review. *State v. Hubbs*, 128 Ohio St.3d 1411, 2011-Ohio-828.

{¶ 3} Following the Supreme Court's refusal to accept the appeal, the state filed a delayed motion for reconsideration. We granted the motion in the interests of justice and complete review; however, we noted that the state should be more diligent in filing its motions for reconsideration in a timely manner. We then instructed counsel for each party to brief the following issue:

{¶ 4} "Is the Ohio Supreme Court's decision in *Elevators Mut. Ins. Co. v. J. Patrick O'Flaherty's,* 125 Ohio St.3d 362, 2010-Ohio-1043, applicable in this case? Furthermore, if it is applicable does that decision support the conclusion that a misdemeanor conviction (failure to control) that resulted from a no contest plea is admissible in the proceedings for the felony charge (DUI) when the two charges arose

2

from the same incident but were tried separately, with the misdemeanor charge being resolved first in municipal court?"

{¶ 5} The parties filed their respective briefs, and accordingly, we are now asked to decide whether we agree with our decision in *Hubbs* I.

ANALYSIS

{¶ 6} In *Hubbs I*, 2010-Ohio-4849, we explained the relevance and application of *Elevators* as follows:

{¶ 7} "Crim.R. 11(B)(2) states that a no contest plea 'shall not be used against the defendant in any subsequent civil or criminal proceeding.' Similarly, Evid.R. 410(A)(2) provides that a no contest plea is not admissible in 'any civil or criminal proceeding against the defendant who made the plea.'

{¶ 8} "While the language of these rules focus[es] on the no contest plea and not the conviction that resulted from the no contest plea, the Ohio Supreme Court has recently held that these rules also prevent the use of convictions based on no contest pleas. *Elevators Mut. Ins. Co. v. J. Patrick O'Flaherty's,* 125 Ohio St.3d 362, 2010–Ohio 1043, ¶ 14. It provided the following reason for coming to that conclusion:

{¶ 9} " 'The purpose behind the inadmissibility of no contest pleas in subsequent proceedings is to encourage plea bargaining as a means of resolving criminal cases by removing any civil consequences of the plea. *[State v.] Mapes,* 19 Ohio St.3d [108] at 111, [19 OBR 318, 484 N.E2d 140]; *Rose v. Uniroyal Goodrich Tire Co.* (C.A.10, 2000), 219 F.3d 1216, 1220. The rule also protects the traditional characteristic of the no contest plea, which is to avoid the admission of guilt. Id. The prohibition against admitting evidence of no contest pleas was intended generally to apply to a civil suit by the victim of the crime against the defendant for injuries resulting

3

from the criminal acts underlying the plea.  *Allstate Ins. Co. v. Simansky* (1998), 45 Conn.Supp. 623, 628, 738 A.2d 231.  The plain language of Evid.R. 410(A) prohibits admission of a no contest plea, and the prohibition must likewise apply to the resulting conviction.  To find otherwise would thwart the underlying purpose of the rule and fail to preserve the essential nature of the no contest plea.' Id.

{¶ 10} "Based on the above rules and case law, we disagree with the trial court's holding that the misdemeanor conviction from the no contest was admissible in the proceedings for the felony charges.  The fact that the misdemeanor and felony charges arose from the same transaction does not constitute a reason to disregard the aforementioned court cases as well as the clear language set forth in the rules of evidence and criminal procedure.  The focus in the rules and in *Elevators* is that the no contest plea and conviction resulting from that plea cannot be used in **any** action.  There is no distinction in either the rules or the case law between pleas entered in proceedings arising out of the same incident and those arising out of separate incidents.  Consequently, the trial court erred in failing to suppress the misdemeanor failure to control conviction." (Boldface sic.)  *Hubbs I*, 2010-Ohio-4849, at ¶ 22-25.

{¶ 11} Admittedly, *Elevators* is a civil case where the no-contest plea from the criminal conviction was being sought to be used to prove an element of the civil claim.  The fact that it was a civil case does not make the above reasoning inapplicable.  Rather, it provides greater support for the position that it is applicable.  A criminal defendant faces the potential loss of his personal liberty and therefore has much more at stake than a civil litigant who is asserting or contesting a claim for damages.  For that reason, the law typically affords greater protection to the criminal defendant and

4

his rights. Thus, since Evid.R. 410 and Crim.R. 11 prevent the introduction of a no-contest plea in *any* subsequent proceeding, the fact that the Ohio Supreme Court in a civil case stated that the conviction based on a no-contest plea is likewise barred from admission does not hinder its application to a criminal defendant in a criminal proceeding.

{¶ 12} Furthermore, we note that if we were to find that the failure to control conviction based on a no-contest plea could be legally used in the DUI offense to prove that Hubbs was the driver because it arose from the same transaction, we would be carving out an exception to the effect of a no-contest plea—i.e., that it cannot be used against the person in a subsequent proceeding. This potential exception is not found in Crim.R. 11, Evid.R. 410, or case law. If we were to create this exception, we would be adding words to Crim.R. 11 and/or Evid.R. 410 because we would be qualifying the word "any" as used in both aforementioned rules. Likewise, judicial creation of an exception could potentially affect a defendant's ability to enter a plea knowingly. For instance, if Hubbs was not advised prior to entering his no-contest plea to the failure-to-control charge that that conviction could be used against him in the proceedings for the DUI that arose from the same transaction, his plea to the failure-to-control charge most likely would not be entered into knowingly because of the impact it would have on the DUI charge. The conviction for failure to control effectually proves an element of the DUI charge–that Hubbs was driving.

{¶ 13} Along this same vein, we note that because the failure to control and the DUI arose out of the same transaction, the prosecutor could have tried these cases together. It is unclear from the record why bifurcation occurred. Plausibly it was the

5

prosecutor's intention to attempt to use the failure-to-control conviction as a means to prove an element of the DUI offense. However, as explained above, such an action is fraught with potential to violate a defendant's rights. Thus, we cannot condone such an action, especially in light of the Supreme Court's decision in *Elevators*.

{¶ 14} Accordingly, even after reviewing the parties' arguments, we find that our decision in *Hubbs I* stands. Therefore, "[t]he suppression ruling is reversed, the plea and sentence is vacated and the cause is remanded to the trial court for further proceedings." *Hubbs I*, 2010-Ohio-4849 at ¶ 30.

Judgment affirmed.

DONOFRIO and DEGENARO, JJ., concur.