[Cite as *Edwards v. Bolden*, 2012-Ohio-2501.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 97390

## ALFRED EDWARDS

#### PLAINTIFF-APPELLANT

vs.

## JOHN E. BOLDEN, ET AL.

#### DEFENDANTS-APPELLEES

### JUDGMENT:
### AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-730021

**BEFORE:** Celebrezze, P.J., Sweeney, J., and Keough, J.

**RELEASED AND JOURNALIZED:** June 7, 2012

**ATTORNEY FOR APPELLANT**

Donald R. Murphy
12800 Shaker Boulevard
Cleveland, Ohio   44120


**ATTORNEYS FOR APPELLEES**

Thomas M. Coughlin, Jr.
Sarah A. Miller
Ritzler, Coughlin & Paglia, Ltd.
1360 East Ninth Street
1000 IMG Center
Cleveland, Ohio   44114

FRANK D. CELEBREZZE, JR., P.J.:

{¶1} Appellant, Alfred Edwards, appeals from a directed verdict in favor of Eastern Slip Cover and a jury verdict in favor of John E. Bolden in a personal injury suit that resulted from a motor vehicle accident. Edwards claims the trial court improperly excluded and admitted certain evidence, erred in granting a directed verdict in favor of Eastern Slip Cover, and that the jury's verdict was against the manifest weight of the evidence. After a thorough review of the record and law, we affirm.

I. Factual and Procedural History

{¶2} On July 10, 2007, Edwards was traveling in the left-hand lane of the northbound side of I-271 near Mayfield Road. In the lane next to him was Bolden, driving a van belonging to Eastern Slip Cover, the business he owned. The two were involved in an accident. Bolden was cited by the police for inattention, to which he pled no contest.

{¶3} Edwards filed suit on July 6, 2009, against his insurance company, Bolden, and Eastern Slip Cover. The insurance company settled with Edwards on his uninsured motorist claim and was dismissed from the suit.

{¶4} Prior to trial, the court made several rulings on motions relating to the exclusion of evidence. The trial court ruled that Bolden could introduce evidence of Edwards's prior felony convictions involving dishonesty and that Edwards could not

introduce evidence of Bolden's no-contest plea to inattention. Trial commenced on September 6, 2011.

**{¶5}** Edwards testified that Bolden was involved in a road rage incident with another car that escalated to the point where the other car cut off Bolden, causing him to swerve into Edwards's lane, hitting him, and sending him into the concrete barricade at the left edge of the road. This third car did not stop after causing the accident.[1]

**{¶6}** After Edwards presented his testimony and that of his brother, he rested his case. Eastern Slip Cover moved for a directed verdict. It argued that no evidence of negligent maintenance of the vehicle or negligent entrustment of the vehicle to Bolden had been introduced. These were the only claims against Eastern Slip Cover alleged in Edwards's complaint. The trial court granted the motion, finding a complete lack of evidence regarding Eastern Slip Cover. The case continued against Bolden only.

**{¶7}** Bolden testified that there was no road rage incident, but that a Plymouth or Dodge Neon suddenly cut him off, causing him to swerve into the left-hand lane, but he did not make contact with Edwards's vehicle. He testified that Edwards lost control because of the sudden movement and the fact that he was distracted while talking on his cell phone. Edwards's brother had testified earlier that Edwards was talking to him on a cell phone at the time of the accident.

**{¶8}** The jury found in Bolden's favor. Edwards then filed the instant appeal assigning four errors.

---

[1] This was the basis of Edwards's uninsured motorist claim against his insurance company.

I.   The trial court improperly excluded defendant's conviction of inattention despite it being as a result of a no contest plea.

II.   The trial court's decision on admitting appellant's prior conviction into the record was an abuse of discretion.

III.   The trial court erred in granting defendant's motion for a directed verdict made at the close of plaintiff's case and exclusion of profit and loss statements was an abuse of discretion.

IV.   The jury verdict was against the manifest weight of the evidence.

## II.   Law and Analysis

### A. Admission or Exclusion of Evidence

#### i.   Standard of Review

{¶9} Appellant argues that the trial court erred when making several evidentiary rulings in this case.   It is well established that, pursuant to Evid.R. 104, the introduction of evidence at trial falls within the sound discretion of the trial court.   *State v. Heinish*, 50 Ohio St.3d 231, 553 N.E.2d 1026 (1990); *State v. Sibert*, 98 Ohio App.3d 412, 648 N.E.2d 861 (4th Dist.1994).   Therefore, "[a]n appellate court which reviews the trial court's admission or exclusion of evidence must limit its review to whether the lower court abused its discretion"   *State v. Finnerty*, 45 Ohio St.3d 104, 107, 543 N.E.2d 1233 (1989).   A trial court abuses its discretion when it acts in an unreasonable, arbitrary, or unconscionable manner.   A reviewing court should not substitute its judgment for that of the trial court.   *See State v. Jenkins*, 15 Ohio St.3d 164, 473 N.E.2d 264 (1984).

#### ii.   Use of Convictions Resulting from a Plea of No Contest

**{¶10}** Appellant first argues that the trial court should have allowed evidence of Bolden's no-contest plea and conviction for inattention. Evid.R. 410(A) provides that "evidence of the following is not admissible in any civil or criminal proceeding against the defendant who made the plea or who was a participant personally or through counsel in the plea discussions: * * * (2) a plea of no contest or the equivalent plea from another jurisdiction * * *."

**{¶11}** "The purpose behind the inadmissibility of no-contest pleas in subsequent proceedings is to encourage plea bargaining as a means of resolving criminal cases by removing any civil consequences of the plea." *Elevators Mut. Ins. Co. v. J. Patrick O'Flaherty's, Inc.*, 125 Ohio St.3d 362, 2010-Ohio-1043, 928 N.E.2d 685, ¶ 14, citing *State v. Mapes*, 19 Ohio St.3d 108, 111, 484 N.E.2d 140 (1985); *Rose v. Uniroyal Goodrich Tire Co.*, 219 F.3d 1216, 1220 (10th Cir.2000). By its very terms, Evid.R. 410(A) "prohibits admission of a no-contest plea, and the prohibition must likewise apply to the resulting conviction. To find otherwise would thwart the underlying purpose of the rule and fail to preserve the essential nature of the no-contest plea." *Id.*

**{¶12}** Edwards argues that *Mapes* illustrates that a no-contest plea may be used where it is relevant. However, the rule set forth in *Mapes* is limited to circumstances where "such conviction is made relevant by statute." *Id*. at 111. Here, there is no statute that makes Bolden's no-contest plea to inattention relevant. *Mapes* involved the use of a prior no-contest plea to murder in New Jersey to prove a prior murder specification in a murder trial in Ohio. As the *Elevators Mut.* court found, the *Mapes* exception applies

"only when a statute makes such introduction specifically relevant to the proceeding."  *Id*. at ¶ 29. Here, that is not the case.  Therefore, the trial court did not err in excluding testimony of Bolden's no-contest plea to inattention.

{¶13} Appellant's first assignment of error is overruled.

### iii.  Prior Convictions Involving Crimes of Dishonesty

{¶14} Edwards argues in his second assignment of error that the trial court erred by "admitting [his] prior conviction into the record * * *."  Edwards previously pled guilty to felony crimes of dishonesty within the past ten years.[2]

{¶15} Under Evid.R. 609, convictions for crimes of dishonesty are admissible to impeach the credibility of a witness. This rule provides in relevant part that, "subject to Evid.R. 403(B), evidence that any witness, including an accused, has been convicted of a crime is admissible if the crime involved dishonesty or false statement, regardless of the punishment and whether based upon state or federal statute or local ordinance[,]" and the conviction is less than ten years old.  The admission of such evidence of conviction is not subject to a determination of undue prejudice as set forth in Evid.R. 403(A).  Evid.R. 609(A)(3); *State v. Martin*, 12th Dist. Nos. CA2002-10-111, CA2002-10-115, and CA2002-10-116, 2003-Ohio-6551, ¶ 21 ("[E]vidence that the defendant has been convicted of a crime involving dishonesty or false statement is automatically admissible, regardless of the punishment and without consideration of unfair prejudice").

---

[2] After a review of the transcript, it is still unclear what Edwards's convictions were for.   In his appellate brief, Edwards lists convictions from 2002 for theft and passing bad checks, for which he served four years in prison.

**{¶16}** Therefore, Edwards's argument that this evidence was unfairly prejudicial is not well founded.

**{¶17}** His reliance on Evid.R. 404(B) is also inapplicable where Bolden's attorney did not raise the issue when questioning Edwards. Bolden never attempted to insinuate that Edwards was acting in conformity with prior acts, so the prohibition found in Evid.R. 404(B) is inapplicable.

**{¶18}** Appellant's second assignment of error is overruled.

iv.   Unsupported Accounting Statements

**{¶19}** Edwards's final evidentiary issue deals with the trial court's exclusion of profit and loss statements for his business. In his third assignment of error, he argues that the "exclusion of profit and loss statements was an abuse of discretion."

**{¶20}** A statement is hearsay if it is "a statement, other than one made by the declarant while testifying at trial or hearing, offered in evidence to prove the truth of the matter asserted." Evid.R. 801(C). However, there are certain exceptions and exclusions from that broad definition. Edwards claims the accounting statement meets one of these exceptions, namely the business records exception defined in Evid.R. 803(6). This provides:

> A memorandum, report, record, or data compilation, in any form, of acts, events, or conditions, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness or as provided by Rule 901(B)(10), unless the source of information or the method or circumstances of preparation indicate lack of

trustworthiness. The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

In order to qualify under this exception,

"a business record must manifest four essential elements: (i) the record must be one regularly recorded in a regularly conducted activity; (ii) it must have been entered by a person with knowledge of the act, event or condition; (iii) it must have been recorded at or near the time of the transaction; and (iv) a foundation must be laid by the 'custodian' of the record or by some 'other qualified witness.'" Weissenberger, Ohio Evidence Treatise (2007) 600, Section 803.73. Even after these elements are established, however, a business record may be excluded from evidence if "the source of information or the method or circumstances of preparation indicate lack of trustworthiness." Evid.R. 803(6). *State v. Davis*, 116 Ohio St.3d 404, 2008-Ohio-2, 880 N.E.2d 31, ¶ 171.

{¶21} The accounting statement in this case was prepared by an accountant hired by Edwards to compute the total amount of business and profits lost due to the accident. It was not a typical profit and loss statement because it appeared to have been prepared for trial. It listed lost profits purportedly caused by the accident, something not typically found in such an accounting statement normally prepared for business purposes.

{¶22} Further, the document submitted was summary in nature with no underlying factual support or analysis. For instance, in 2008 it assumes a 30 percent loss in sales

due to the accident without support for that assumption or any method for how that figure was reached. It also shows a pre-injury profit percentage of 51.77, but does not disclose how that figure was calculated.

{¶23} The trial court excluded the accounting statement because no testimony, other than Edwards's, was offered to support it or the methodology used to generate it. The document evidencing Edwards's lost profits did not provide any basis for the calculations made and did not afford Bolden the opportunity to cross-examine any witnesses with suitable knowledge about how it was prepared or its accuracy. Edwards did not explain the methods used in its calculations, but only stated that the document showed actual sales and that he had personal knowledge.

{¶24} The lack of testimony regarding the methods used to calculate damages and the fact that it was not maintained in the normal course of business demonstrates that the accounting statement does not qualify under the business records exception to the hearsay rule. Therefore, the trial court did not err in excluding the document. Further, any error is moot in light of the fact that the jury found in Bolden's favor, and no damages were considered or awarded.

## B. Directed Verdict

{¶25} Edwards claims, as part of his third assignment of error, that "[t]he trial court erred in granting [Eastern Slip Cover's] motion for a directed verdict made at the close of [his] case * * *."

**{¶26}** Civ.R. 50(A) sets forth the grounds upon which a motion for directed verdict may be granted. Such a motion is to be granted when, construing the evidence most strongly in favor of the party opposing the motion, the trial court finds that reasonable minds could come to only one conclusion and that conclusion is adverse to the nonmoving party. *Crawford v. Halkovics*, 1 Ohio St.3d 184, 438 N.E.2d 890 (1982); *The Limited Stores, Inc. v. Pan Am. World Airways, Inc.*, 65 Ohio St.3d 66, 600 N.E.2d 1027 (1992).

**{¶27}** A directed verdict is appropriate where the party opposing it has failed to adduce any evidence on the essential elements of the claim. *Cooper v. Grace Baptist Church*, 81 Ohio App.3d 728, 734, 612 N.E.2d 357 (10th Dist.1992). The issue to be determined involves a test of the legal sufficiency of the evidence to allow the case to proceed to the jury, and it constitutes a question of law, not one of fact. *Hargrove v. Tanner*, 66 Ohio App.3d 693, 695, 586 N.E.2d 141 (9th Dist.1990). Accordingly, the courts are testing the legal sufficiency of the evidence rather than its weight or the credibility of the witnesses. *Ruta v. Breckenridge-Remy Co.*, 69 Ohio St.2d 66, 68-69, 430 N.E.2d 935 (1982). The grant of directed verdict is reviewed de novo. *Howell v. Dayton Power & Light Co.*, 102 Ohio App.3d 6, 13, 656 N.E.2d 957 (4th Dist.1995).

**{¶28}** Edwards's complaint alleges that Eastern Slip Cover was negligent in the maintenance of the vehicle Bolden was driving and that it negligently entrusted that vehicle to him.

{¶29} No trial testimony commented on the condition of the vehicle Bolden was driving. Therefore, appellant failed to adduce any evidence that Eastern Slip Cover negligently maintained the vehicle. Further, Edwards presented no evidence during his case in chief that Eastern Slip Cover in any way negligently entrusted the vehicle to Bolden. In fact, Eastern Slip Cover was never mentioned by any witness called by Edwards. No evidence existed to substantiate any claim made by Edwards against Eastern Slip Cover in his complaint. Therefore, the trial court properly granted Eastern Slip Cover's motion for directed verdict.

{¶30} Appellant's third assignment of error is overruled.

## C. Manifest Weight

**{¶31}** The final assignment of error claims the jury's verdict was against the manifest weight of the evidence.

**{¶32}** It is well established that when some competent, credible evidence exists to support the judgment rendered by the trial court, an appellate court may not overturn that decision unless it is against the manifest weight of the evidence. *Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984). The knowledge a trier of fact gains through observing the witnesses and the parties in any proceeding (i.e., observing their demeanor, gestures, and voice inflections and using these observations in weighing the credibility of the proffered testimony) cannot be conveyed to a reviewing court by a printed record. *In re Satterwhite,* 8th Dist. No. 77071, 2001 WL 1001017, *3 (Aug. 23, 2001), citing *Trickey v. Trickey*, 158 Ohio St. 9, 13, 106 N.E.2d 772 (1952). In this regard, the reviewing court in such proceedings should be guided by the presumption that the trier of fact's findings were indeed correct. *Seasons Coal Co., supra*. As the Supreme Court of Ohio has stated, "it is for the trial court to resolve disputes of fact and weigh the testimony and credibility of the witnesses." *Bechtol v. Bechtol*, 49 Ohio St.3d 21, 550 N.E.2d 178 (1990).

**{¶33}** Several points of evidence demonstrate that the jury's verdict was not against the manifest weight of the evidence. First, during opening arguments, Edwards's attorney indicated that Bolden was distracted because he was on his cell phone at the time of the accident, but it was actually Edwards who was talking on a phone at the time of the

collision. Edwards specifically testified that he did not see Bolden talking on a cell phone, but that Bolden was looking at another vehicle, presumably the Neon that Bolden testified about, rather than at Edwards in the left-hand lane. Edwards's brother testified that he heard the accident while Edwards was talking to him on his cell phone. This fact was left out of Edwards's testimony. The jury could reasonably find from Edwards's testimony that he was distracted at the time of the accident.

{¶34} In his appellate brief, Edwards continually refers to a "phantom" vehicle that Bolden claims caused the accident. However, Edwards testified that there was a third vehicle involved in the accident. He acknowledged that this vehicle existed. Therefore, based on the evidence, it is not some "phantom" vehicle as he claims.

{¶35} Edwards testified that Bolden suddenly swerved into his lane of travel, collided with his car, and sent him into the concrete barrier at the edge of the road. Bolden testified that he indeed swerved, but that he did not make contact with Edwards's car. Bolden surmised that Edwards lost control because he was distracted at the time of the accident and overreacted to Bolden's sudden movement.

{¶36} The jury heard Edwards's claims and Bolden's explanation of the accident, and they found in Bolden's favor. Edwards has provided an argument based on conflicting evidence to attempt to show the verdict was against the manifest weight of the evidence. Accordingly, he has failed to show that the jury clearly lost its way in finding in Bolden's favor.

{¶37} Appellant's fourth assignment of error is overruled.

III. Conclusion

{¶38} The trial court did not err in making evidentiary determinations. Evidence of Bolden's no-contest plea and resulting conviction are specifically excluded by statute. Also, prior convictions for crimes of dishonesty are allowed to be used to attack the credibility of a witness if they qualify under Evid.R. 609, which they did here. The accounting statement evidencing damages for lost business did not meet the business records exception to the general hearsay rule and was properly excluded by the trial court on those grounds. Finally, Eastern Slip Cover was properly granted a directed verdict when no evidence was offered against it and the verdict in Bolden's favor was not against the manifest weight of the evidence.

{¶39} Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

JAMES J. SWEENEY, J., and
KATHLEEN ANN KEOUGH, J., CONCUR