[Cite as *Elevators Mut. Ins. Co. v. J. Patrick O'Flaherty's, Inc.,* 125 Ohio St.3d 362, 2010-Ohio-1043.]

ELEVATORS MUTUAL INSURANCE COMPANY ET AL., APPELLANTS, *v.*

J. PATRICK O'FLAHERTY'S, INC., ET AL., APPELLEES.

[Cite as *Elevators Mut. Ins. Co. v. J. Patrick O'Flaherty's, Inc.,*

**125 Ohio St.3d 362, 2010-Ohio-1043.]**

*Trials — Evidence — Admissibility of prior convictions based on no contest plea under Crim.R. 11(B)(2) and Evid.R. 410 — Insured convicted of arson and insurance fraud based on no contest pleas — Crim.R. 11(B)(2) and Evid.R. 410(A) prevent use of conviction based on no contest plea in action for declaratory judgment for insurance coverage.*

(No. 2009-0321 — Submitted October 21, 2009 — Decided March 24, 2010.)

APPEAL from the Court of Appeals for Sandusky County,

No. S-08-006, 180 Ohio App.3d 315, 2008-Ohio-6946.

_____

**SYLLABUS OF THE COURT**

Crim.R. 11(B)(2) and Evid.R. 410(A) prevent the use of convictions based on no contest pleas in an action for declaratory judgment for insurance coverage.

_____

**LANZINGER, J.**

{¶ 1} The issue before us is whether evidence of an insured's criminal convictions for arson and insurance fraud based on pleas of no contest are admissible in a civil dispute over insurance coverage for loss or damage resulting from the dishonest or criminal acts underlying the convictions. We hold that Crim.R. 11(B)(2) and Evid.R. 410(A) prevent the use of convictions based on no contest pleas in an action for declaratory judgment for insurance coverage and therefore affirm the judgment of the court of appeals.

**Background Facts**

**{¶ 2}** This is an action for declaratory judgment to determine the rights and obligations of the parties to a commercial fire insurance policy issued by appellant Elevators Mutual Insurance Company ("Elevators Mutual") to appellee J. Patrick O'Flaherty's, Inc. ("O'Flaherty's"). O'Flaherty's, an Ohio corporation that owned a restaurant in Fremont, Ohio, was the sole named insured on the policy that provided coverage for the restaurant building and contents. Appellees Richard A. Heyman and Jan N. Heyman were officers and the sole shareholders of O'Flaherty's and were identified in the policy as loss payees.

**{¶ 3}** O'Flaherty's was damaged by fire on February 4, 2001. The company submitted a claim to Elevators Mutual to recover insurance proceeds for loss. Elevators Mutual advanced O'Flaherty's $30,000 on the claim subject to a reservation of rights pending the completion of its fire investigation. Following the investigation, Elevators Mutual concluded that Richard Heyman had intentionally started the fire and denied the claim based on a policy exclusion for loss or damage caused by an insured's dishonest or criminal act.

**{¶ 4}** Elevators Mutual filed this action on November 30, 2001, against O'Flaherty's, and Richard and Jan Heyman individually, for a declaration of no coverage and to recover damages and the $30,000 advanced to them. The defendants filed a counterclaim for breach of contract, bad faith, fraud, and spoliation of evidence. Appellant NAMIC Insurance Company intervened to defend the counterclaims against Elevators Mutual under a professional liability policy.

**{¶ 5}** Less than a month after the complaint was filed, Richard and Jan Heyman were indicted on charges of aggravated arson, arson, and insurance fraud in relation to the fire. The trial court stayed the civil case until the criminal charges were resolved. Richard Heyman pleaded no contest to the charges of arson and insurance fraud and was convicted. The charges against Jan Heyman were dismissed.

**{¶ 6}** Following the conclusion of the criminal matter, the parties filed cross-motions for summary judgment. In October 2005, the trial court denied the motions, concluding that evidence of Richard Heyman's no contest plea could not be used to collaterally estop him from arguing his innocence because doing so would contradict the goal of Evid.R. 410. The court further concluded that because Richard and Jan Heyman were simple loss payees under the policy, they stood in the shoes of O'Flaherty's, the named insured, and were subject to the same potential policy exclusions or defenses. Thus, an issue of fact remained over Richard Heyman's responsibility for the restaurant fire. The court reissued the order in April 2006.

**{¶ 7}** Elevators Mutual filed a pretrial motion in limine for an order permitting it to introduce Heyman's criminal convictions, rather than pleas, as substantive evidence of arson and insurance fraud. The trial court granted the motion. In light of its ruling, the court reconsidered Elevators Mutual's previous motion for summary judgment. This time, the court granted summary judgment in favor of Elevators Mutual on the basis that Heyman's criminal convictions were admissible evidence that he had intentionally set the fire, thus excluding O'Flaherty's from recovering any insurance proceeds for the fire loss. The trial court reinforced its previous ruling that Richard and Jan Heyman were loss payees under the policy who could not recover, because they have no greater rights than the insured.

**{¶ 8}** The court of appeals reversed and remanded, rejecting any distinction between a no contest plea and a conviction based upon that plea. The court concluded that the convictions were not admissible per Evid.R. 410 and Crim.R. 11(B)(2) and that the limited exception to inadmissibility established in *State v. Mapes* (1985), 19 Ohio St.3d 108, 19 OBR 318, 484 N.E.2d 140, for a conviction based upon a no contest plea did not apply.

**{¶ 9}** The case is now before us upon the acceptance of a discretionary appeal. 121 Ohio St.3d 1473, 2009-Ohio-2045, 905 N.E.2d 653.

### Legal Analysis

*The Policy*

**{¶ 10}** The O'Flaherty's policy provides coverage for loss or damage from fire but expressly excludes coverage for "loss or damages caused directly or indirectly by any of the following * * * Dishonest or criminal acts by you * * *." In addition, the coverage part of the policy was subject to the following conditions: "A. Concealment, Misrepresentation or Fraud[.] This Coverage Part is void in any case of fraud by you as it relates to this Coverage Part at any time. It is also void if you or any other insured, at any time, intentionally conceal or misrepresent a material fact concerning * * * [a] claim under this Coverage Part."

**{¶ 11}** Elevators Mutual denied O'Flaherty's claim for the fire loss and seeks to use Heyman's convictions for arson and insurance fraud as conclusive evidence to deny coverage for the loss. We must determine whether the convictions are admissible in this action for declaratory judgment.

*Crim.R. 11(B) and Evid.R. 410(A)*

**{¶ 12}** Richard Heyman pleaded no contest to the charges of arson and insurance fraud and was convicted. Crim.R. 11(A) provides that a defendant may plead no contest in a criminal matter. "The plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint, and the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding." Crim.R. 11(B)(2). Evid.R. 410(A)(2) echoes this same principle. A plea of no contest or the equivalent plea from another jurisdiction "is not admissible in any civil or criminal proceeding against the defendant who made the plea." Id.

**{¶ 13}** Elevators Mutual challenges the application of Evid.R. 410(A), stating that the rule applies only to a plea of no contest, not the resulting

4

conviction. The Heymans, however, argue that the prohibition against admission of a no contest plea likewise applies to the conviction that follows. The Heymans also argue that Evid.R. 803(22) acknowledges that Evid.R. 410 prohibits the admission of evidence of a final judgment entered upon a plea of no contest.

{¶ 14} The purpose behind the inadmissibility of no contest pleas in subsequent proceedings is to encourage plea bargaining as a means of resolving criminal cases by removing any civil consequences of the plea. *Mapes*, 19 Ohio St.3d at 111, 19 OBR 318, 484 N.E.2d 140; *Rose v. Uniroyal Goodrich Tire Co.* (C.A.10, 2000), 219 F.3d 1216, 1220. The rule also protects the traditional characteristic of the no contest plea, which is to avoid the admission of guilt. Id. The prohibition against admitting evidence of no contest pleas was intended generally to apply to a civil suit by the victim of the crime against the defendant for injuries resulting from the criminal acts underlying the plea. *Allstate Ins. Co. v Simansky* (1998), 45 Conn.Supp. 623, 628, 738 A.2d 231. The plain language of Evid.R. 410(A) prohibits admission of a no contest plea, and the prohibition must likewise apply to the resulting conviction. To find otherwise would thwart the underlying purpose of the rule and fail to preserve the essential nature of the no contest plea.

*Defensive v. Offensive Use of Rule*

{¶ 15} Appellant NAMIC urges us to interpret the rule as prohibiting the use of a no contest plea only *against* the person who entered it, meaning that the plea would be admissible when a former criminal defendant seeks to benefit from his or her own criminal acts by using the rule offensively. Some courts have permitted such a distinction to be made. See *Walker v. Schaeffer* (C.A.6, 1988), 854 F.2d 138, 143 (refusing to apply Fed.R.Evid. 410 when persons who entered the no contest pleas are plaintiffs in a civil action); *USX Corp. v. Penn Cent. Corp.* (2000), 137 Ohio App.3d 19, 27, 738 N.E.2d 13 (use of the conviction as a defense against a claim by a former criminal defendant is not prohibited). These

courts have distinguished the situation in which a former criminal defendant is the plaintiff from the typical situation, in which Evid.R. 410 acts as a shield to preclude imposition of a liability. In the atypical situation, the courts reason that the rule is not being used "against" the defendant. *Walker,* 854 F.2d at 143.

{¶ 16} However, Evid.R. 410(A) states that a no contest plea "*is not admissible in any civil or criminal proceeding* against the defendant who made the plea" (emphasis added) and specifies no exception for offensive versus defensive use. In this declaratory judgment action, Elevators Mutual intends to offer the fact of the conviction based on Richard Heyman's no contest plea against him. This is contrary to the clear language of the rule, and we decline to limit its broad application. In a case similar to the one before us, the Supreme Court of Michigan held that neither a plea of nolo contendere nor a conviction based upon the plea was admissible to prevent an insured who had entered the plea from denying his responsibility for setting fire to his business in a civil suit to recover his losses under his insurance policy. *Lichon v. Am. Universal Ins. Co.* (1990), 435 Mich. 408, 418-419, 459 N.W.2d 288. In response, Michigan amended its evidence rules to allow evidence of a nolo contendere plea in a civil proceeding "to support a defense against a claim asserted by the person who entered the plea." Mich.Evid.R. 410(2); see also 1991 Note to MRE 410. Similarly, any change in the Ohio Rules of Evidence must be accomplished through amendment.

*No Exception Pursuant to State v. Mapes*

{¶ 17} Appellants also contend that they should be allowed to admit Heyman's convictions pursuant to the exception to Evid.R. 410(A) that permits a conviction based upon a no contest plea to be admitted in limited circumstances. In *State v. Mapes*, 19 Ohio St.3d 108, 19 OBR 318, 484 N.E.2d 140, this court held that "Crim.R. 11(B)(2) and Evid.R. 410 do not preclude admission of a conviction entered upon a no contest plea to prove a prior murder specification

under R.C. 2929.04(A)(5)." Id. at paragraph one of the syllabus. After a jury convicted Mapes of aggravated murder, the death-penalty specification alleging a prior murder conviction was tried to the court. The defendant objected when the court considered evidence of a prior conviction for murder entered upon the defendant's plea of no contest in a New Jersey court. But the *Mapes* court reasoned that the purpose behind excluding such convictions would not be disserved by admitting evidence of a conviction based upon a no contest plea when the fact of the conviction itself "is made relevant by statute." Id. at 111, 19 OBR 318, 484 N.E.2d 140.

{¶ 18} Elevators Mutual contends that by extension of *Mapes*, Heyman's convictions are "relevant" to the policy exclusions and thus are admissible. Application of *Mapes,* however, has been limited to cases where the fact of the conviction itself is made relevant by a statute or rule. See *Jaros v. Ohio State Bd. of Emergency Med Servs.,* Lucas App. No. L-01-1422, 2002-Ohio-2363, ¶ 21; *Bivins v. Ohio State Bd. of Emergency Med. Servs.*, 165 Ohio App.3d 390, 2005-Ohio-5999, 846 N.E.2d 881, ¶ 4. We agree with the court of appeals that the justification underlying the *Mapes* exception does not extend to contract situations.

*Public Policy*

{¶ 19} There is, of course, well-established public policy that no one should profit from his or her own wrongdoing. *Shrader v. Equitable Life Assur. Soc. of U.S.* (1985), 20 Ohio St.3d 41, 44, 20 OBR 343, 485 N.E.2d 1031; *In re Estate of Kissinger* (2009), 166 Wash.2d 120, 125, 206 P.3d 665. Public policy may indeed call for an amendment to the rules to allow admission of evidence of no contest pleas and convictions in cases such as this, to prevent a wrongdoer from benefiting by the wrong.

{¶ 20} This is not to say that an insurance company will be unable to prove that its policy exclusion for concealment, misrepresentation, or fraud

applies to bar a payment of proceeds. Although Crim.R. 11(B)(2) and Evid.R. 410(A) prevent the use of convictions based on no contest pleas in an action for declaratory judgment for insurance coverage, the rules do not prevent use of the *facts* upon which those convictions are based. Until an amendment provides otherwise, we must apply the Evidence Rule as it is currently written and bar evidence of a no contest plea or conviction in this civil action.

### Conclusion

{¶ 21} Here, summary judgment was granted in favor of Elevators Mutual on grounds that Richard Heyman's convictions, the consequence of no contest pleas, were admissible evidence that he had intentionally set the fire that caused property loss. The convictions were offered against him as proof of "dishonest or criminal acts," thus enabling a policy exclusion to bar payment of insurance proceeds for the fire loss. These admissions, however, were used in contravention of Evid.R. 410 and Crim.R.11(B)(2). The rules make no distinction between offensive and defensive use, and the limited exception to inadmissibility of a conviction based upon a no contest plea in *Mapes*, 19 Ohio St.3d 108, 19 OBR 318, 484 N.E.2d 140, does not apply.

{¶ 22} We therefore affirm the judgment of the Sixth District Court of Appeals.

Judgment affirmed.

MOYER, C.J., and PFEIFER, O'CONNOR, and CUPP, JJ., concur.

O'DONNELL, J., concurs in judgment only.

LUNDBERG STRATTON, J., concurs in part and dissents in part.

_____

**LUNDBERG STRATTON, J., concurring in part and dissenting in part.**

{¶ 23} I agree that the plain language of Crim.R. 11(B)(2) and Evid.R. 410(A) prohibits the use of convictions based on no contest pleas in an action for declaratory judgment for insurance coverage. However, I do not believe that the

analysis ends there. We must consider the terms of the insurance contract. In this case, I believe that a person may waive the protections of Crim.R. 11(B)(2) and Evid.R. 410(A) by contract. Therefore, I respectfully dissent.

{¶ 24} Here, the parties contracted for fire insurance but excluded coverage for "loss or damages caused directly or indirectly by" the dishonest or criminal acts of the insured. Also, the policy voided any coverage "if you or any other insured, at any time, intentionally conceal or misrepresent a material fact concerning" a claim. I believe that when Richard Heyman, on behalf of O'Flaherty's, purchased this insurance policy containing these provisions, he waived the protections of the Criminal Rules and the Rules of Evidence as they may apply to the admissibility of convictions for dishonest or criminal acts based on pleas of no contest. "Waiver as applied to contracts is a voluntary relinquishment of a known right." *White Co. v. Canton Transp. Co.* (1936), 131 Ohio St. 190, 5 O.O. 548, 2 N.E.2d 501, paragraph one of the syllabus. It is well settled that a waiver-of-liability clause in an insurance policy is a valid expression of the freedom to contract. *Hanover Ins. Co. v. Cunningham Drug Stores, Inc.* (May 6, 1982), 8th Dist. No. 44066, 1982 WL 5341, * 3. In addition, courts have held that waiver-of-subrogation provisions are valid and enforceable. *Valley Forge Ins. Co. v. Premier Recyclers Plastics, Inc.*, Summit App. No. 22633, 2005-Ohio-6317.

{¶ 25} Richard Heyman pleaded no contest and voluntarily admitted the truth of the facts alleged against him, i.e., that he intentionally started the fire that destroyed O'Flaherty's and committed a fraud against Elevators Mutual when he filed a claim for insurance proceeds. He had contractually agreed that his criminal acts would have collateral legal consequences sufficient to trigger the exclusions from coverage. When Richard admitted the truth of the facts underlying his convictions and then attempted to deny those facts in an insurance claim, he intentionally concealed or misrepresented material facts concerning his

claim. Thus, based on the policy language, I believe that the trial court properly admitted evidence of his convictions to conclusively establish Elevator Mutual's entitlement to summary judgment.

{¶ 26} The majority does not address contract waiver. Thus, the defendant may deny the facts underlying his convictions by hiding behind the rules. Such legal maneuvering allows a defendant to attempt to profit from his crime. I do not believe that this is what Crim.R. 11(B)(2) and Evid.R. 410(A) intended.

{¶ 27} After the Michigan Supreme Court decided *Lichon v. Am. Universal Ins. Co.* (1990), 435 Mich. 408, 459 N.W.2d 288, holding that an insured could maintain his innocence in an action to recover insurance proceeds for a fire that destroyed his business although he had pleaded nolo contendere and was convicted of attempted burning of the same property, Michigan's Evidence Rules were amended to address *Lichon*. See 1991 Note to Mich.Evid.R. 410. The amended rule now permits evidence of a nolo contendere plea in a civil proceeding "to support a defense against a claim asserted by the person who entered the plea." See Mich.Evid.R. 410(2).

{¶ 28} In light of the inequitable situation here, Ohio should similarly amend its evidentiary rules so that a defendant may use the rules defensively, but may not rely on the rules offensively to impose liability on another. "Clearly, [Evid.R. 410] prohibits the affirmative use of a no contest plea in a claim against a former criminal defendant to subject him or her to additional civil or criminal liability. However, this does not mean a former criminal defendant should be able to assert a claim that contradicts the judgment of conviction against him or her." *USX Corp. v. Penn Cent. Corp.* (2000), 137 Ohio App.3d 19, 27, 738 N.E.2d 13. I believe that this court should initiate proceedings to amend both the Criminal and Evidence Rules to prevent the legal tactics undertaken by the defendant in

this case. The current state of the rules violates public policy and condones legal maneuvering.

{¶ 29} Although I concur in the majority's analysis, I respectfully dissent because I believe that there are contractual implications involving waiver of the rules. Thus, I would reverse the judgment of the court of appeals and reinstate the judgment of the trial court.

_____

Ulmer & Berne, L.L.P., Robert E. Chudakoff, and Gary S. Greenlee, for appellant Elevators Mutual Insurance Co.

Gallagher Sharp, Jay Clinton Rice, and Richard C.O. Rezie, for appellant NAMIC Insurance Co.

Murray & Murray Co., L.P.A., W. Patrick Murray, James L. Murray, and William. H. Bartle, for appellees.

_____