[Cite as *Riebe v. Hilton*, 2012-Ohio-1699.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| NICHOLINA RIEBE, et al. | ) | CASE NO. 11 MA 180 |
| | ) | |
| PLAINTIFFS-APPELLEES | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| SILKA HILTON, et al. | ) | |
| | ) | |
| DEFENDANTS-APPELLANTS | ) | |

CHARACTER OF PROCEEDINGS:     Civil Appeal from the Youngstown Municipal Court of Mahoning County, Ohio
Case No. 10 CVI 1771

JUDGMENT:     Modified. Affirmed.

APPEARANCES:

For Plaintiffs-Appellees:     Nicholina Riebe, Pro se
1698 Olson Avenue
Youngstown, Ohio 44509

Kelly K. Riebe, Pro se
4595 Alderwood Drive
Canfield, Ohio 44406

For Defendants-Appellants:     Atty. Timothy F. George
1029 Youngstown-Warren Road
Niles, Ohio 44446

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Mary DeGenaro

Dated: March 28, 2012

WAITE, P.J.

{¶1}   This is an appeal of a small claims action in Youngstown Municipal Court involving an automobile accident.  Appellee Nicholina Riebe ("Appellee") filed a pro se negligence complaint after her daughter Kelly K. Riebe ("Riebe") was involved in an accident using Appellee's car.  The accident occurred when Appellant Silka S. Hilton ("Hilton") was making a left turn on McCollum Road in Youngstown.  Riebe was travelling in the opposite direction on McCollum Road.  The two cars collided before Hilton finished making the left turn.  The other defendant in the case is Hilton's mother, Appellant Celina H. Gardenhire ("Gardenhire") who was the owner of the car that Hilton was driving.

{¶2}   Appellee alleged that Hilton failed to yield while making a left turn, and thus, was responsible for the accident.  She filed the small claims action to recover the cost of the vehicle, which was destroyed in the accident.  The case was heard before a magistrate, who ruled in Appellee's favor in the amount of $2,610 plus costs.  Appellee was unrepresented by counsel both at trial and in this appeal.  Appellants argue that judgment against Gardenhire, the vehicle owner, was inappropriate because Appellee failed to prove (or even allege) negligent entrustment.  Appellants are correct, and the judgment against Gardenhire must be dismissed.  Appellants also argue that the trial court incorrectly relied on evidence that Hilton pleaded no contest to a left turn violation.  Evid.R. 410(A) prohibits the use of no contest pleas as evidence in any civil or criminal action.  The record does not reflect that the trial court relied on the no contest plea in rendering its judgment, and this argument has no

merit. The judgment of the trial court is modified to dismiss the claim against Celina H. Gardenhire, and is affirmed in all other aspects.

**{¶3}** The accident occurred on August 20, 2009. The record reflects that Appellee, as the owner of the car Riebe was driving, filed the small claims action because the other driver had no insurance. Questions about insurance coverage are not part of this case, although it is clear from the record that there was no insurance on Gardenhire's vehicle at the time of the accident. Riebe does not appear to be a party to this action, as she did not sign her mother's small claims complaint nor otherwise join the lawsuit.

**{¶4}** Attached to the small claims complaint was a copy of a Youngstown traffic citation that Hilton received at the time of the accident. Hilton was cited for violating Youngstown Municipal Ordinance ("Ord.") 331.17, which requires a driver making a left turn to yield to a vehicle approaching in the opposite direction. Appellee also attached a copy of Hilton's no contest plea to the complaint. The small claims case was heard at a bench trial before a magistrate on August 5, 2010. Appellee proceeded pro se, but the defendants were represented by counsel. Riebe described her version of the accident, and Appellee testified about the value of the vehicle and the disposition of the vehicle after the accident. The accident occurred at the intersection of McCollum Road and Schenley Avenue in Youngstown. Hilton was heading west and attempted to make a left turn to travel south on Schenley Ave. Riebe was heading east and hit Hilton's car as it was in the intersection making the left turn. Hilton also testified that she was making a left turn on McCollum when the

cars collided, but she did not remember seeing Riebe's vehicle as she was making the turn.

{¶5} Appellants' attorney objected to Appellee's use of the no contest plea to Ord. 331.17 as proof of liability. The magistrate agreed that it could not be used as evidence. (Tr., p. 27.)

{¶6} The magistrate found in favor of Appellee and awarded her $2,610 for the value of the car and for the towing charge. Appellants filed objections to the magistrate's decision, but the trial court overruled the objections and adopted the magistrate's decision on December 6, 2010. This appeal followed. Appellee has not filed a brief on appeal, which allows us to "accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action." App.R. 18(C).

ASSIGNMENT OF ERROR NO. 1

{¶7} "THE TRIAL COURT ERRED IN GRANTING JUDGMENT AGAINST APPELLANT, CELINA GARDENHIRE, BECAUSE THE ELEMENTS OF NEGLIGENT ENTRUSTMENT WERE NOT ESTABLISHED."

{¶8} Appellants' first argument is that Gardenhire, who owns the vehicle that Hilton was driving but was not in the vehicle at the time of the accident, should not be liable for any part of the judgment because Appellee did not allege or prove any theory by which she could be held liable. Appellants contend that the owner of a vehicle may be held vicariously liable when a vehicle is negligently entrusted to another, but no allegation or proof of negligent entrustment was made in this case.

Appellants are correct. In order to prove negligent entrustment, the plaintiff must show that "that the owner of the automobile had knowledge of the driver's incompetence, inexperience or reckless tendency as an operator, or that the owner, in the exercise of ordinary care, should have known thereof from facts and circumstances with which he was acquainted." *Mt. Nebo Baptist Church v. Cleveland Crafts Co.*, 154 Ohio St. 185, 93 N.E.2d 668 (1950), paragraph two of the syllabus.

{¶9} There is no evidence in the record supporting the conclusion that Gardenhire gave Hilton permission to use the vehicle, or that she had any knowledge that Hilton may have had any history of incompetence, inexperience or reckless tendencies as an operator of a motor vehicle. The only evidence on the subject came from Gardenhire herself, who stated that she did not permit Hilton to use the car and did not entrust her car to Hilton. (Tr., p. 26.) There is no evidence at all about Hilton's driving history. Because Appellee did not attempt to establish negligent entrustment or advance any other theory as to Appellant's liability as mere owner of the car, she should have been dismissed as a defendant. Appellants were not insured at the time of accident, and there are no issues regarding possible insurance claims that might arise based on ownership of the vehicle. The judgment of the trial court is modified to dismiss Gardenhire from the case.

## ASSIGNMENT OF ERROR NO. 2

{¶10} "THE TRIAL COURT ERRED IN CONSIDERING THAT APPELLANT, SILKA HILTON, WAS CHARGED WITH A VIOLATION OF YOUNGSTOWN CITY

ORDINANCE 331.17 INASMUCH AS SAID APPELLANT ENTERED A PLEA OF NO CONTEST TO SAID CHARGE."

{¶11} Appellants' second assignment of error alleges that the trial court improperly relied on evidence of a no contest plea to establish that Hilton was liable for the accident. Evid.R. 410(A)(2) prohibits the use of a no contest plea as evidence: "[E]vidence of the following is not admissible in any civil or criminal proceeding against the defendant who made the plea or who was a participant personally or through counsel in the plea discussions: * * * (2) a plea of no contest or the equivalent plea from another jurisdiction". This prohibition is repeated in Crim.R. 11(B)(2). The Ohio Supreme Court has explained the purpose of Evid.R. 410(A) as follows:

> {¶12} The purpose behind the inadmissibility of no contest pleas in subsequent proceedings is to encourage plea bargaining as a means of resolving criminal cases by removing any civil consequences of the plea. The rule also protects the traditional characteristic of the no contest plea, which is to avoid the admission of guilt. The prohibition against admitting evidence of no contest pleas was intended generally to apply to a civil suit by the victim of the crime against the defendant for injuries resulting from the criminal acts underlying the plea. The plain language of Evid.R. 410(A) prohibits admission of a no contest plea,

and the prohibition must likewise apply to the resulting conviction. To find otherwise would thwart the underlying purpose of the rule and fail to preserve the essential nature of the no contest plea. (Citations omitted.) *Elevators Mut. Ins. Co. v. J. Patrick O'Flaherty's*, 125 Ohio St.3d 362, 2010-Ohio-1043, 928 N.E.2d 685, ¶14.

**{¶13}** The record does not reflect that the magistrate or the trial judge relied on the no contest plea as proof of liability. The magistrate sustained Appellants' objection to the use of the no contest plea, and stated that "I tell everyone in traffic court, a no contest plea can't be used against you at any later civil proceeding." (Tr., p. 27.) The magistrate's findings of fact and conclusions of law do not make any reference to the no contest plea. A judge, or in this case, a magistrate, proceeding in a bench trial is presumed to know the law and apply it correctly. *State v. Eley*, 77 Ohio St.3d 174, 180-181, 672 N.E.2d 640 (1996); *E. Cleveland v. Odetellah*, 91 Ohio App.3d 787, 794, 633 N.E.2d 1159, (8th Dist.1993). Nothing in this record acts to overcome this presumption. The remaining evidence in the record firmly supports a conclusion that Hilton made a left turn and failed to yield to the oncoming driver, and thus, was negligent and was liable for damages. Appellants' argument is unpersuasive, and this assignment of error is overruled.

**{¶14}** In conclusion, Appellants are correct that the owner of the vehicle involved in the accident, Celina H. Gardenhire, should have been dismissed from the action because no theory of liability against her was set forth or proven. Appellants

are incorrect that the trial court relied on Hilton's no contest plea to a left turn violation as proof of liability. The magistrate had other evidence to rely on to support its judgment in favor of Appellee, and nothing in the record demonstrates that the trial court relied on the no contest plea. The judgment entry is therefore modified to reflect that Gardenhire is dismissed as a party and is not liable for the judgment. The judgment is affirmed in all other aspects.

Donofrio, J., concurs.

DeGenaro, J., concurs.