HOLLINGSWORTH *v.* TIMMERMAN-COOPER, WARDEN.

[Cite as *Hollingsworth v. Timmerman-Cooper,*

133 Ohio St.3d 253, 2012-Ohio-3907.]

*Criminal law—Crim.R. 11(B)(2) and Evid.R. 410(A)(2)—Admissibility of no-contest plea in subsequent proceeding—No-contest plea is admissible in habeas corpus action in which petitioner collaterally attacks the criminal conviction that resulted from his no-contest plea.*

(No. 2011-1095—Submitted April 3, 2012—Decided September 4, 2012.)

ON ORDER from the United States District Court, Southern District of Ohio, Western Division, Certifying a Question of State Law, No. 1:08-CV-00745.

_____

SYLLABUS OF THE COURT

Neither Crim.R. 11(B)(2) nor Evid.R. 410(A)(2) prohibits the use of a defendant's no-contest plea in a subsequent proceeding in which the defendant collaterally attacks the criminal conviction that resulted from the no-contest plea.

_____

PFEIFER, J.

{¶ 1} Petitioner, Ernest Hollingsworth, filed a habeas corpus action in federal district court, asserting that he had received ineffective assistance of counsel at his criminal trial. Respondent, Deb Timmerman-Cooper, warden of the London Correctional Institution, countered that Hollingsworth's plea of no contest in the underlying criminal case constituted a waiver of his right to the effective assistance of counsel. Hollingsworth objected, arguing that under Ohio law, the state may not use his no-contest plea and resulting conviction against him,

including using the plea as evidence that he waived his right to effective assistance.

{¶ 2} Finding that there was no controlling precedent on the admissibility of a no-contest plea in a habeas proceeding, the federal district court certified the following question for our resolution:

> Do Ohio R. Crim. P. 11(B)(2) and Ohio R. Evid. 410(A)(2), which prohibit the use of a defendant's no contest plea against the defendant "in any subsequent civil * * * proceeding" apply to prohibit the use of such a plea in a subsequent civil proceeding which is a collateral attack on the criminal judgment which results from the no contest plea, such as a petition for post-conviction relief under Ohio Revised Code § 2953.21, or a federal habeas corpus action under 28 U.S.C. § 2254?

(Ellipsis sic.)

{¶ 3} Today we answer the question in the negative.

**Analysis**

*Crim.R. 11(B)(2) and Evid.R. 410(A)(2)*

{¶ 4} Crim.R. 11(B)(2) states, "The plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint, and the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding."

{¶ 5} Evid.R. 410(A)(2) states that evidence of a plea of no contest "is not admissible in any civil or criminal proceeding against the defendant who made the plea."

{¶ 6} In *Elevators Mut. Ins. Co. v. J. Patrick O'Flaherty's, Inc.*, 125 Ohio St.3d 362, 2010-Ohio-1043, 928 N.E.2d 685, at ¶ 14, we stated:

2

The purpose behind the inadmissibility of no-contest pleas in subsequent proceedings is to encourage plea bargaining as a means of resolving criminal cases by removing any civil consequences of the plea. [*State v.*] *Mapes*, 19 Ohio St.3d [108] at 111, 19 OBR 318, 484 N.E.2d 140 [1985]; *Rose v. Uniroyal Goodrich Tire Co.* (C.A.10, 2000), 219 F.3d 1216, 1220. The rule also protects the traditional characteristic of the no-contest plea, which is to avoid the admission of guilt. Id. The prohibition against admitting evidence of no-contest pleas was intended generally to apply to a civil suit by the victim of the crime against the defendant for injuries resulting from the criminal acts underlying the plea. *Allstate Ins. Co. v. Simansky* (1998), 45 Conn.Supp. 623, 628, 738 A.2d 231.

{¶ 7} The purposes served by these two rules are of limited applicability in the present case. The present case involves a habeas action, not a civil suit by a victim. In postconviction proceedings, there is no risk of subsequent civil liability or even of enhanced criminal liability. The worst-case scenario for a defendant in a postconviction proceeding is the status quo.

*Application of Crim.R. 11(B)(2) and Evid.R. 410 in Other Cases*

{¶ 8} In *State v. Mapes*, 19 Ohio St.3d 108, 484 N.E.2d 140 (1985), the defendant, on trial for an Ohio murder, had pled "non vult," the equivalent of no contest, to an earlier murder charge in New Jersey. *Id.* at 111. In the Ohio proceeding, the trial court allowed police officers from New Jersey to testify that the defendant had been convicted of a murder in that state. *Id*. This evidence was introduced to establish a death specification pursuant to R.C. 2929.04(A)(5). *Id.* This court stated:

Crim.R. 11(B)(2) and Evid.R. 410 prohibit only the admission of a no contest plea. These rules do not prohibit the admission of a conviction entered upon that plea when such conviction is made relevant by statute. The trial court was correct in admitting the evidence of the prior conviction as it was not equivalent to the admission of the no contest plea and it was not introduced by the prosecution for any purpose other than establishing the specification.

*Id.*

{¶ 9} In *Elevators Mut. Ins. Co.*, a business was damaged by fire. 125 Ohio St.3d 362, 2010-Ohio-1043, 928 N.E.2d 685, ¶ 3. One of the owners pled no contest to arson and insurance fraud and was convicted. *Id.* at ¶ 5. The insurer brought an action seeking a declaration of no coverage and recovery of $30,000 advanced on the owners' claim. *Id.* at ¶ 4. The trial court refused to allow the insurer to use the owner's plea of no contest against him on the basis that doing so would contradict the goal of Evid.R. 410. But the court held that the convictions based on the no-contest plea were admissible to prove that the owner had intentionally set the fire.

{¶ 10} The court of appeals reversed and remanded, rejecting the trial court's distinction between a no-contest plea and a conviction based on that plea. The court further held that the limited exception to inadmissibility in *Mapes* did not apply. The plea was inadmissible. This court affirmed.

{¶ 11} *Elevators Mut.* illustrates perfectly the intended application of Crim.R. 11(B)(2) and Evid.R. 410(A)(2). The result is in keeping with the goal of removing the civil consequences of a no-contest plea, thereby encouraging plea bargaining as a means of resolving criminal cases. It also preserves the traditional

characteristic of the plea, which is to avoid an admission of guilt. Admission of the no-contest plea against the defendant in that case would have thwarted both goals.

*Application of Crim.R. 11(B)(2) and Evid.R. 410 to This Case*

**{¶ 12}** We turn now to a consideration of the applicability of the general rule barring the use of no-contest pleas in habeas corpus proceedings.

**{¶ 13}** Respondent argues that a no-contest plea is admissible in the context of habeas corpus. She contends that a habeas action is not a "subsequent civil or criminal proceeding" within the meaning of Crim.R. 11(B)(2). Nor is it a proceeding distinct from the proceeding at which the petitioner pled no contest. Citing *State v. Lloyd*, 8 Ohio App.2d 155, 156, 220 N.E.2d 840 (4th Dist.1966), respondent asserts that a habeas action is instead a collateral proceeding, a "continuation of the criminal action itself."

**{¶ 14}** Hollingsworth argues that the rules are unambiguous and therefore not susceptible of interpretation. *Sears v. Weimer*, 143 Ohio St. 312, 55 N.E.2d 413 (1944), paragraph five of the syllabus ("An unambiguous statute is to be applied, not interpreted"). He asserts that the language of the two rules is sweeping and absolute and that *Elevators Mut.* controls the issue before us. Thus, neither the plea nor the resulting conviction is admissible in habeas as evidence of waiver of the right to effective assistance of counsel.

**{¶ 15}** At its core, a habeas action is a collateral attack on the underlying conviction. *Wall v. Kholi,* ___ U.S. ___, ___, 131 S.Ct. 1278, 1284, 179 L.Ed.2d 252 (2011). In the instant case, the conviction was the result of a no-contest plea. To prohibit the state from using the no-contest plea to defend the validity of the conviction that resulted from the plea would render the state mute. The state has no defense if the no-contest plea is not in play. As noted earlier, the clear purposes of Crim.R. 11(B)(2) and Evid.R. 410(A)(2) are to encourage the use of plea bargaining by removing the civil consequences of the plea and to avoid an

admission of guilt. Prohibiting the state from introducing evidence of a no-contest plea in a habeas action to show that the petitioner has waived his claim of ineffective counsel does nothing to advance those purposes, and permitting use of the plea does not frustrate them. The plea is not being used to impose liability on the petitioner or to prove his guilt. There is no risk of subsequent civil liability or even of enhanced criminal liability. The worst-case scenario for a defendant in a postconviction proceeding such as habeas corpus is the status quo. As we stated in *Mapes*, the purposes of the two rules "are not disserved" here. 19 Ohio St.3d at 111, 484 N.E.2d 140.

## Conclusion

{¶ 16} We conclude that neither Crim.R. 11(B)(2) nor Evid.R. 410(A)(2) prohibits the use of a defendant's no-contest plea in a subsequent proceeding in which the defendant collaterally attacks the criminal conviction that resulted from the no-contest plea. Accordingly, we answer the certified question in the negative.

So answered.

O'CONNOR, C.J., and LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Repper, Pagan, Cook, Ltd., and Christopher J. Pagan, for petitioner.

Michael DeWine, Attorney General, Alexandra T. Schimmer, Solicitor General, David M. Lieberman, Deputy Solicitor, and M. Scott Criss, Assistant Attorney General; and Lauren S. Kuley, for respondent.

_____