[Cite as *State v. Sheppard*, 2012-Ohio-5783.]

IN THE COURT OF APPEALS FOR CLARK COUNTY, OHIO

STATE OF OHIO                        :

    Plaintiff-Appellant              :            C.A. CASE NO. 2012 CA 41

v.                                   :            T.C. NO.    12CR149

CHELSSIE E. SHEPPARD                 :            (Criminal appeal from
                                                  Common Pleas Court)

    Defendant-Appellee               :

                                     :

. . . . . . . . . .

# **O P I N I O N**

Rendered on the   7th   day of   December  , 2012.

. . . . . . . . . .

AMY M. SMITH, Atty. Reg. No. 0081712, Assistant Clark County Prosecutor, 50 E. Columbia Street, 4th Floor, Springfield, Ohio 45502
    Attorney for Plaintiff-Appellant

JAMES D. MARSHALL, Atty. Reg. No. 0012648, 50 E. Columbia Street, 4th Floor, Springfield, Ohio 45502
    Attorney for Defendant-Appellee

. . . . . . . . . .

DONOVAN, J.

    **{¶ 1}**    Plaintiff-appellant the State of Ohio appeals a decision of the Clark County

Court of Common Pleas granting a pre-trial motion in limine filed by defendant-appellee Chelssie Elizabeth Sheppard. The State filed a timely notice of appeal on June 5, 2012.

{¶ 2} The instant appeal stems from an incident which occurred on June 30, 2011, in which the complainant, Kelly Miller, observed Sheppard repeatedly circling the block where Miller's residence was located. The record establishes that on that date, Miller had an active protection order against Sheppard in Case No. 2010CVSDV04 which had been issued in Champaign County and served on Sheppard on February 9, 2010.

{¶ 3} Sheppard was subsequently indicted on March 5, 2012, for violation of a protection order, in violation of R.C. 2919.27(A)(1), a felony of the fifth degree. At her arraignment on March 12, 2012, Sheppard pled not guilty, and the trial court released her on her own recognizance. On May 17, 2012, Sheppard filed a pre-trial motion in limine. In her motion, Sheppard asked the trial court to prohibit the State from using a prior conviction set forth in the indictment. Sheppard argued that because the prior conviction was based on a no contest plea, the State should not be permitted to introduce it in order to raise the level of the offense to a felony of the fifth degree from a first degree misdemeanor. A hearing was held on said motion on May 29, 2012. The trial court granted Sheppard's motion at the close of the hearing. The trial court's decision was journalized in an entry filed on May 31, 2012.

{¶ 4} It is from this judgment that the State now appeals.

{¶ 5} The State's sole assignment of error is as follows:

{¶ 6} "THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S MOTION IN LIMINE TO PROHIBIT THE STATE FROM USING A PRIOR CONVICTION BASED

ON A NO CONTEST PLEA AGAINST SHEPPARD IN A SUBSEQUENT CRIMINAL PROCEEDING."

{¶ 7}  In its sole assignment, the State contends that the trial court erred when it granted Sheppard's motion in limine which prohibited the State from using a prior conviction at trial which was based on a no contest plea and which raised the level of Sheppard's current offense from a first degree misdemeanor to a fifth degree felony.

{¶ 8}  Crim. R. 11(B)(2) states that "[t]he plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint, and the plea or admission *shall not be used against the defendant in any subsequent civil or criminal proceeding*."  This principle is echoed in Evid. R. 410(A)(2) which states that a plea of contest "is not admissible in any civil or criminal proceeding against the defendant who made the plea." *Id*.

{¶ 9}  "The purpose behind the inadmissibility of no contest pleas in subsequent proceedings is to encourage plea bargaining as a means of resolving criminal cases by removing any civil consequences of the plea. *State v. Mapes*, 19 Ohio St.3d 108, 111, 484 N.E.2d 140 (1985).  The rule also protects the traditional characteristic of the no contest plea, which is to avoid the admission of guilt. *Id*.  The prohibition against admitting evidence of no contest pleas was intended generally to apply to a civil suit by the victim of the crime against the defendant for injuries resulting from the criminal acts underlying the plea. *Allstate Ins. Co. v. Simansky*, 45 Conn. Supp. 623, 628, 738 A.2d 231 (1998)." *Elevators Mut. Ins. Co. v. J. Patrick O'Flaherty's, Inc.,* 125 Ohio St.3d 362, 2010-Ohio-1043, 928 N.E.2d 685, at ¶ 14.

{¶ 10} Although Evid. R. 410 explicitly states that a no contest plea is not admissible in any subsequent civil or criminal proceeding, the State argues that there is an exception to this rule in a criminal proceeding that was announced by the Supreme Court of Ohio in *State v. Mapes,* 19 Ohio St.3d 108, 484 N.E.2d 140 (1985). In *Mapes*, the defendant, on trial for a murder committed in Ohio, pled non vult, the equivalent of of a no contest plea, to a murder in New Jersey. In the Ohio proceeding, the trial court permitted police officers from New Jersey to testify that the defendant had been convicted of murder in that state. *Id.* The evidence was introduced to establish a death specification pursuant to R.C. 2929.04(A)(5). Significantly, the Supreme Court of Ohio stated:

> Crim. R. 11(B)(2) and Evid. R. 410 prohibit only the admission of a no contest plea. *These rules do not prohibit the admission of a conviction entered upon that plea when such conviction is made relevant by statute.* The trial court was correct in admitting the evidence of the prior conviction as it was not equivalent to the admission of the no contest plea and it was not introduced by the prosecution for any purpose other than establishing the specification. The purpose of Evid. R. 410 as it relates to criminal trials is to encourage and protect certain statements made in connection with plea bargaining and to protect the traditional characteristic of the no contest plea which is avoiding the admission of guilt that is inherent in pleas of guilty. *These purposes are not disserved by the admission of a conviction entered upon a no contest*

*plea. Id.*

**{¶ 11}** It is undisputed that prior to the commission of the offense in the instant case, Sheppard pled no contest to the charge of violation of a protection order and was found guilty in a separate case. R.C. 2919.27(A)(1) states that "[n]o person shall recklessly violate the terms of *** [a] protection order issued or consent agreement approved pursuant to section 2919.26 or 3113.31 of the Revised Code." Violation of a protection order constitutes a misdemeanor of the first degree unless the offender has previously been convicted of, pleaded guilty to, or been adjudicated a delinquent child for violation of a protection order. R.C. 2919.27(B)(2) and (3). If there was a previous conviction for violation of a protection order, the offense becomes punishable as a felony of the fifth degree. R.C. 2919.27(B)(3). Pursuant to the exception announced in *Mapes*, the State argues that Sheppard's prior conviction for violation of a protection order is made relevant under the statute in R.C. 2919.27(B)(3), and is therefore admissible to raise the level of the offense in the instant case.

**{¶ 12}** Sheppard, however, essentially relies on another Supreme Court of Ohio case, *Elevators Mut. Ins. Co. v. J. Patrick O'Flaherty's, Inc.,* 125 Ohio St.3d 362, 2010-Ohio-1043, 928 N.E.2d 685, for the proposition that her no contest plea in her prior case renders her conviction inadmissible in the instant case. In *Elevators*, one of the owners of a business that was damaged by a fire pled no contest to arson and insurance fraud and was convicted. *Id.* The insurer brought an action seeking a declaration of no coverage and recovery of $30,000.00 which had been advanced on the owner's claim. *Id.* The trial court refused to allow the insurer to use the owner's plea of no contest against him on the basis

that doing so would contradict the goal of Evid. R. 410. The trial court, however, held that the *convictions* based on the no contest plea were admissible to prove that the owner had intentionally set the fire.

{¶ 13} The Sixth District Court of Appeals reversed the judgment of the trial court, rejecting the trial court's distinction between a no contest plea and a conviction based on that plea. The appellate court also held that the limited exception announced in *Mapes* did not apply, and the defendant's conviction based on the no contest plea was, therefore, inadmissible. The Supreme Court of Ohio affirmed the decision of the Sixth District, finding that "[a]pplication of [the exception in] *Mapes* has been *limited to cases where the fact of the conviction itself is made relevant by a statute or rule*." *Elevators*, 125 Ohio St.3d 362, at ¶ 18. The Court went on to state that "the justification underlying the *Mapes* exception does not extend to contract situations." *Id*. Thus, the Court did not overrule *Mapes*. Rather, the Court simply stated that the *Mapes* exception did not apply in "contract situations."

{¶ 14} Sheppard also relies on *State v. Hubbs*, 7th Dist. Columbiana No. 09 CO 24, 2010-Ohio-4849, to support her argument that her no contest plea is inadmissible. *Hubbs* involved the use of a prior conviction for misdemeanor failure to control in a felony DUI trial. Both charges arose out of the same incident, but were adjudicated separately. *Id*. The misdemeanor conviction occurred prior to the felony proceeding. The prosecution sought admission of the prior conviction in order to prove that the defendant was operating his vehicle at the time of the DUI offense. *Id.* at ¶ 4. Relying on the holding in *Elevators*, the Seventh District Court of Appeals held that the misdemeanor conviction which arose from

the defendant's no contest plea was inadmissible in the proceedings for the felony DUI offense. *Id*. at ¶ 25. The appellate court found that "the focus in the rules and in *Elevators* is that the no contest plea and conviction resulting from that plea cannot be used in any action." Unlike the instant case, however, the defendant's prior conviction in *Hubbs* for failure to control was not "made relevant" by the DUI statute insofar as the prior conviction did not enhance or otherwise affect the DUI offense. Accordingly, the *Mapes* exception did not apply to facts as presented in *Hubbs*, and the case is clearly distinguishable on that basis.

{¶ 15} Upon review, we find that the *Mapes* exception applies in the instant case, and Sheppard's prior conviction for violation of a protection order based on a no contest plea was admissible in the instant case. Sheppard's prior conviction was "made relevant" by R.C. 2919.27(B)(2) and (3) which state that violating a protection order is a misdemeanor of the first degree unless the offender has previously been convicted of violation of a protection order, which raises the level of the offense to a fifth degree felony. The Supreme Court of Ohio's holding in *Elevators* is clearly distinguishable from the facts in the instant case. Thus, the trial court erred when it granted Sheppard's motion in limine which prohibited the State from admitting the prior conviction for violation of a protection order at trial to enhance the level of the current offense.

{¶ 16} The State's of Ohio's sole assignment of error is sustained.

{¶ 17} The State's sole assignment of error having been sustained, the order of the trial court is reversed, and this matter is remanded for proceedings consistent with this opinion.

. . . . . . . . . .

[Cite as *State v. Sheppard*, 2012-Ohio-5783.]
FAIN, J. and FROELICH, J., concur.

Copies mailed to:

Amy M. Smith
James D. Marshall
Hon. Richard J. O'Neill