[Cite as *Grange Ins. Co. v. Farmers Ins. Co.*, 2022-Ohio-4303.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Grange Insurance Company

       Appellee

v.

Jaylah Nichole Cleveland, et al.

       Defendant.

[Farmers Insurance of Columbus Inc.
-Appellant]

Court of Appeals No.  L-22-1059

Trial Court No.  CI0202001216

**DECISION AND JUDGMENT**

Decided:  December 2, 2022

* * * * *

Raymond H. Pittman, III, for appellee.

Craig S. Cobb, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Farmers Insurance of Columbus, Inc. ("Farmers"), appeals the

March 26, 2021 judgment of the Lucas County Court of Common Pleas which, in a

declaratory judgment action, granted summary judgment in favor of appellee, Grange

Insurance Company ("Grange"), on Farmers' counterclaim and partial summary judgment as to Grange's insured, Jaylah Cleveland. Because we agree that Cleveland was excluded from coverage under the Grange policy, we affirm.

## I. Facts and Procedural Background

{¶ 2} At approximately 8:00 a.m. on the morning of October 27, 2018, defendant Jaylah Cleveland arrived at her employment at a Starbucks coffeehouse on Central Avenue in Sylvania Township, Ohio.[1] Cleveland drove to the Starbucks in a 2003 Ford Focus which was owned by her grandmother, defendant Jeanette Stills, and was insured by Grange.

{¶ 3} Upon arrival, Cleveland was acting strangely and admitted to "smoking weed"; the Starbucks manager informed her that she could not work her shift and she was asked to leave. Cleveland then left the Starbucks store, backed up her vehicle and proceeded to drive it through the front window of the store. As Cleveland was driving through the window, she struck and injured store patron Heather Stachowiak, insured by Farmers. Cleveland then put her vehicle in reverse and exited the Starbucks. She nearly struck patron Kelly Cody, insured by Allstate Insurance Company, who sustained injuries when jumping out of the way to avoid being hit. As Cleveland pulled out into oncoming traffic she struck a motor vehicle operated by James Valiton and insured by Liberty

---

[1] Cleveland generally worked at the Maumee, Ohio location but on that day was assigned to the Sylvania Township location.

2.

Mutual Insurance Company. Cleveland fled the scene. A short distance away, Cleveland struck a second vehicle owned by Rebecca McCollum and insured by State Farm Insurance Company. The accident disabled Cleveland's vehicle. She was then transported to the hospital and was subsequently placed under arrest.

{¶ 4} On January 21, 2020, Grange filed a complaint for declaratory judgment against the potential claimants/insureds involved in the accidents and their insurers. Grange requested a declaration by the court that it had no duty to defend, indemnify, or provide liability coverage to Cleveland or vehicle owner Stills against the claimants and their insurers. Grange claimed that coverage under the policy was precluded under the intentional act and criminal act exclusions.

{¶ 5} An amended complaint was filed on May 12, 2020, adding Farmers as a defendant and adding the argument that the policy exclusion relating to controlled substances applied to preclude coverage. Cross-claims were filed by the parties asserting subrogation rights under the Grange policy.

{¶ 6} On January 21, 2021, Grange moved for partial summary judgment on all the potential claims against Cleveland.[2] Grange relied on the policy exclusions for criminal conduct and use of a controlled substance. Specifically, Grange argued that it did not have a duty to defend Cleveland because she admitted in her deposition that she

---

[2] During the course of the proceedings Jeanette Stills, the vehicle owner and insured under the policy, was dismissed from the action.

3.

was high from smoking marijuana at the time of the accidents and that, had she not been high, they would not have happened. Grange further relied on Cleveland's subsequent criminal convictions, following no contest pleas, for aggravated vehicular assault, vehicular assault, vandalism, and failure to stop after an accident on a nonpublic road. On January 25, 2021, Grange filed a motion for summary judgment as to Farmers' counterclaim raising essentially the same arguments. Farmers opposed the motions on February 18, 2021.

{¶ 7} On March 26, 2021, the trial court granted the motions. The court held:

> The court finds that the Grange policy contained two pertinent exclusions to coverage. First, the Grange policy excluded those insureds committing a criminal act. In addition, the policy provides an exclusion to coverage if the insured is under the influence of an illegal substance. Defendant Cleveland, despite being an insured under her grandmother's policy, was under the influence of marijuana and committing criminal acts on the day of the accidents. Due to Defendant Cleveland's actions, she is excluded from coverage under the Grange policy.

This appeal followed.

## II. Assignments of Error

I. Whether the trial court erred in granting summary judgment because the policy language in exclusion 10 used by Grange along with

Cleveland's deposition testimony creates issues of fact which preclude summary judgment.

II. Whether the trial court erred in granting summary judgment because of an ambiguity in the policy language excluding coverage for "bodily injury or property damage arising out of the use, sale, manufacture, delivery, transfer or possession by any person" of a controlled substance, including marijuana.

### III. Discussion

{¶ 8} We note that in reviewing the motions for summary judgment, this court must apply the same standard as the trial court. *Lorain Natl. Bank v. Saratoga Apts.*, 61 Ohio App.3d 127, 129, 572 N.E.2d 198 (9th Dist.1989). Summary judgment will be granted when there remains no genuine issue as to any material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). Further, we review de novo all the evidence and arguments presented in the parties motions for summary judgment and their oppositions.

{¶ 9} At issue is whether Cleveland's status as an insured under the Grange policy entitled her to coverage for the damages caused by the accidents. "In Ohio, insurance contracts are construed as any other written contract." *Andray v. Elling*, 6th Dist. Lucas No. L-04-1150, 2005-Ohio-1026, ¶ 18, citing *Hybud Equip. Corp. v. Sphere Drake Ins.*

*Co., Ltd.*, 64 Ohio St.3d 657, 665, 597 N.E.2d 1096 (1992).  If the language of the policy, read as a whole, is clear and unambiguous there are no issues of fact and interpretation is a matter of law.  *Sauer v. Crews*, 140 Ohio St.3d 314, 2014-Ohio-3655, 18 N.E.3d 410, ¶ 10, 14.

{¶ 10} Additionally, under Ohio law,

> "an exclusion in an insurance policy will be interpreted as applying only to that which is *clearly* intended to be excluded." (Emphasis sic.) *Hybud Equip. Corp.* [at] 665. * * *.  Furthermore, "[i]f provisions are susceptible of more than one interpretation, they 'will be construed strictly against the insurer and liberally in favor of the insured.'" *Sharonville [v. Am. Emp. Ins. Co.*, 109 Ohio St.3d 186, 2006-Ohio-2180, 846 N.E.2d 833] at ¶ 6, quoting *King v. Nationwide Ins. Co.*, 35 Ohio St.3d 208, 519 N.E.2d 1380 (1988), syllabus.

*Id.* at ¶ 11.

{¶ 11} Two exclusions were examined as the bases to award Grange summary judgment.  The relevant personal auto policy language provides:

Part A-Liability Coverage

Insuring Agreement

A. [I]f you pay the premium when due, we will pay compensatory damages for bodily injury or property damage for which any insured becomes legally responsible because of an auto accident. * * *

B. 1. "Insured" as used in this Part A- Liability Coverage means:

a. You, a family member * * *"

b. Any person, other than the person defined in B.1.a. of this definition, who is using your covered auto * * * within the scope of your consent * * *.

Exclusions

A. We do not provide any coverage under this Part A-Liability Coverage for any insured:

* * *

10. For bodily injury or property damage caused by, or reasonably expected to result from, a criminal act or omission of an insured. This exclusion (A.10.) applies regardless of whether that insured is actually charged with, or convicted of, a crime. For the purposes of this exclusion (A.10.), criminal acts or omissions do not include traffic violations.

* * *

16. For bodily injury or property damage arising out of the use, sale, manufacture, delivery, transfer or possession by any person of a Controlled

Substance(s) as defined by the Federal Food and Drug Law at 21 U.S.C.A. Sections 811 and 812. Controlled Substances include but are not limited to cocaine, LSD, marijuana and all narcotic drugs. However, this exclusion does not apply to the legitimate use of prescription drugs by a person following the lawful orders of a licensed health care professional.

*A. Criminal act exclusion*

{¶ 12} Farmers' first assignment of error argues that the court erred in finding that the criminal act exclusion in section No. 10 of the policy applied to exclude coverage. Farmers asserts that because the exclusion language requires the damages to be "reasonably expected to result" and, because Cleveland did not intend to cause damage, issues of fact remain as to whether the exclusion applies. Grange counters that it is undisputed that Cleveland committed criminal acts which caused injury, triggering the exclusion.

{¶ 13} Farmers correctly states that an insured's no contest plea may not be used in a civil proceeding as proof of liability. *Elevators Mut. Ins. Co. v. J. Patrick O'Flaherty's, Inc.*, 125 Ohio St.3d 362, 2010-Ohio-1043, 928 N.E.2d 685, syllabus. However, the facts underlying the convictions are admissible. *Id.* at ¶ 20. It is undisputed that appellant was under the influence of marijuana when she caused injuries and property damages. In her deposition, Cleveland states:

Q: * * *. Were you high when you showed up at the Starbucks?

8.

A: Yes.

Q: I'm assuming that all of the stuff that's reflected in the crash report, that you wouldn't have done all that if you hadn't been high. Is that fair to say?

A. Yeah, I would have never done that.

Q. Right. You would have never drove your car through the front of the Starbucks window if you weren't high; is that correct?

A. Yes, that's correct.

Q. Is it fair to say that you wouldn't have left the scene of an accident if you weren't high? Is that fair to say?

A. Yeah.

Q. And is it fair to say that you would not have committed any vehicular assault of any people if you weren't high? Is that fair to say?

A. Yes.

{¶ 14} Cleveland admitted that she cannot dispute any accounts of the events made by Starbucks employees or witnesses. She further admitted that she had only smoked marijuana on four prior occasions and that on one of those occasions she had blacked out in a manner similar to her status during the events in question.

{¶ 15} As set forth above, the policy exclusion is not limited to intended criminal acts. Relevant to Farmers' insured, Cleveland was charged with aggravated vehicular

assault, R.C. 2903.08(A)(1)(a), which prohibits an individual, while operating a motor vehicle while under the influence of drugs or alcohol, from causing serious physical harm to another. Aggravated vehicular assault is a strict liability offense. *State v. Hohenberger*, 189 Ohio App.3d 346, 2010-Ohio-4053, 938 N.E.2d 419 (6th Dist.), ¶ 44. Cleveland was also charged with vehicular assault, R.C. 2903.08(A)(2)(b), recklessly causing serious physical harm while operating a motor vehicle. R.C. 2901.22(C), defines recklessly as follows:

> A person acts recklessly when, with heedless indifference to the consequences, the person disregards a substantial and unjustifiable risk that the person's conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, the person disregards a substantial and unjustifiable risk that such circumstances are likely to exist.

{¶ 16} The undisputed facts surrounding the events demonstrate that Cleveland committed aggravated vehicular assault and, acting recklessly, committed vehicular assault. Cleveland admitted in her deposition to having a prior adverse reaction— blacking out— after smoking marijuana. Accordingly, she knowingly disregarded the risks associated with her smoking marijuana and driving a motor vehicle. Reasonable minds could only conclude, therefore, that injuries and property damage were reasonably expected to result from her reckless, criminal act. *See Steinke v. Allstate Ins. Co.*, 86

Ohio App.3d 798, 803, 621 N.E.2d 1275 (3d Dist.1993); *Owner Operators Indep. Drivers Risk Retention Group v. Stafford*, 3d Dist. Marion No. 9-07-46, 2008-Ohio-1347, ¶ 27-29, examining *Steinke*. Because the insurance policy excludes injuries "caused by, or reasonably expected to result from, a criminal act or omission of an insured" Grange has no duty to defend or indemnify Cleveland and was entitled to summary judgment in its favor on this basis.

### B. Marijuana use exclusion

{¶ 17} Farmers' second assignment of error argues that the court's second basis for granting summary judgment to Grange, that the marijuana use exclusion applied to preclude liability coverage, was in error. Farmers first claims that the exclusion is ambiguous because it does not link marijuana usage to the operation of a motor vehicle.

{¶ 18} As set forth above, the relevant language clearly excludes coverage for "bodily injury or property damage" arising out of the use of marijuana. Reading the policy as a whole we note that the exclusions section specifically references "Part A- Liability Coverage" which states that the policy provides coverage for damages "for which any insured becomes legally responsible because of an *auto accident*." Further, an insured is defined as a family member or person using the covered auto with permission.

{¶ 19} It is undisputed that Cleveland was an insured under the policy at all relevant times. Thus, the coverage exclusion No. 16 applies because Cleveland admitted that the accidents directly resulted from her use of marijuana.

11.

**{¶ 20}** Farmers further argues that it violates public policy to exclude coverage for marijuana use when auto insurance policies are prevented from doing so for alcohol use. Farmers cites no cases directly in support of this argument. Although many states have eased their regulations regarding the distribution and use of marijuana, it remains a controlled substance under federal law. Further, Ohio has legalized marijuana for medical us only, *see* R.C. Chapter 3796. Thus, there are clear reasons to treat marijuana use differently than alcohol use. Accordingly, we find that appellant's second assignment of error is not well-taken.

### IV. Conclusion

**{¶ 21}** Based on the foregoing, we affirm the March 26, 2021 judgment of the Lucas County Court of Common Pleas. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

12.

Mark L. Pietrykowski, J.                   _____

                                               JUDGE

Christine E. Mayle, J.                    _____

Gene A. Zmuda, J.                          JUDGE
CONCUR.

                                               _____

                                               JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.