[Cite as *State v. Kamara*, 2023-Ohio-2146.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


STATE OF OHIO,                           :          APPEAL NO. C-220614
                                                    TRIAL NO. B-2101629
    Plaintiff-Appellee,                  :

                                         :          *O P I N I O N.*

  vs.                                    :

                                         :

AMANDA KAMARA,                           :

    Defendant-Appellant.                 :



Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: June 28, 2023


*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Keith Sauter*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Arenstein and Gallagher* and *Elizabeth Conkin,* for Defendant-Appellant.

**CROUSE, Presiding Judge.**

{¶1} Defendant-appellant Amanda Kamara appeals the judgment of the Hamilton County Court of Common Pleas. Kamara contends that the trial court improperly determined that her conviction for aggravated vehicular assault was an offense of violence, and that postrelease control was mandatory. Because we find that aggravated vehicular assault is not an offense of violence, and therefore postrelease control is discretionary, we sustain her sole assignment of error and reverse the judgment of the trial court.

## I. Factual and Procedural Background

{¶2} In September 2022, Kamara pleaded guilty to aggravated vehicular assault under R.C. 2903.08(A)(1)(a), a third-degree felony, and operating a vehicle under the influence of alcohol ("OVI") under R.C. 4511.19(A)(1)(a), a first-degree misdemeanor.

{¶3} In November 2022, the trial court sentenced Kamara to three years' incarceration for her aggravated-vehicular-assault conviction and 180 days for the OVI conviction, to be served concurrently and with credit for one day served. The court advised Kamara that she was subject to a mandatory period of postrelease control between one and three years, and it imposed a class three driver's license suspension for ten years. The court's sentencing entry mirrors the sentence announced at the sentencing hearing. Kamara timely appealed.

{¶4} In her sole assignment of error, Kamara contends that the trial court failed to properly impose postrelease control. Kamara argues that because aggravated vehicular assault is not an offense of violence, the court erred when it advised her that she was subject to a mandatory period of postrelease control. Kamara asserts that

because her offense was a nonviolent third-degree felony, any period of postrelease control should be discretionary. The state concedes that the court erred in this regard.

## II. Law and Analysis

{¶5} " '[A] trial court has a statutory duty to provide notice of postrelease control at the sentencing hearing.' " *State v. Bates*, 167 Ohio St.3d 197, 2022-Ohio-475, 190 N.E.3d 610, ¶ 11, quoting *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, ¶ 23, *overruled on other grounds*, *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, ¶ 40. At both the sentencing hearing and in the sentencing entry, "[t]he trial court must advise the offender * * * of the term of supervision, whether postrelease control is discretionary or mandatory, and the consequences of violating postrelease control." *Id.* at ¶ 11. "[S]entencing errors in the imposition of postrelease control render the sentence voidable, not void, and the sentence may be set aside if successfully challenged on direct appeal." *Harper* at ¶ 42; *see Bates* at ¶ 13.

{¶6} A person commits aggravated vehicular assault under R.C. 2903.08(A)(1)(a) when he or she "causes serious physical harm to another person" as the proximate result of driving "under the influence of alcohol, a drug of abuse, or a combination of them." R.C. 2903.08(A)(1)(a); R.C. 4511.19(A)(1)(a). The parties agree that Kamara's conviction for aggravated vehicular assault is a third-degree felony and is the only conviction eligible for postrelease control. *See* R.C. 2903.08(B)(1) (providing aggravated vehicular assault is a third-degree felony, subject to several enumerated exceptions).

{¶7} Pursuant to R.C. 2967.28(B)(4), a sentence for a third-degree felony that is an offense of violence and not a sex offense shall include a period of postrelease

control of up to three years, but not less than one year. For a third-degree felony that is not an offense of violence, R.C. 2967.28(C) provides that any prison term shall include a period of postrelease control of up to two years "if the parole board * * * determines that a period of post-release control is necessary for that offender."

{¶8} Thus, the key issue is whether aggravated vehicular assault under R.C. 2903.08(A)(1)(a) is an "offense of violence." The Ohio Revised Code provides that an offense of violence means any of the following:

(a) A violation of section 2903.01, 2903.02, 2903.03, 2903.04, 2903.11, 2903.12, 2903.13, 2903.15, 2903.18, 2903.21, 2903.211, 2903.22, 2905.01, 2905.02, 2905.11, 2905.32, 2907.02, 2907.03, 2907.05, 2909.02, 2909.03, 2909.24, 2911.01, 2911.02, 2911.11, 2917.01, 2917.02, 2917.03, 2917.31, 2917.321, 2919.25, 2921.03, 2921.04, 2921.34, or 2923.161, of division (A)(1) of section 2903.34, of division (A)(1), (2), or (3) of section 2911.12, or of division (B)(1), (2), (3), or (4) of section 2919.22 of the Revised Code or felonious sexual penetration in violation of former section 2907.12 of the Revised Code;

(b) A violation of an existing or former municipal ordinance or law of this or any other state or the United States, substantially equivalent to any section, division, or offense listed in division (A)(9)(a) of this section;

(c) An offense, other than a traffic offense, under an existing or former municipal ordinance or law of this or any other state or the United States, committed purposely or knowingly, and involving physical harm to persons or a risk of serious physical harm to persons;

4

(d) A conspiracy or attempt to commit, or complicity in committing, any

offense under division (A)(9)(a), (b), or (c) of this section;

(e) [Animal cruelty under R.C. 959.131(C).]

R.C. 2901.01(A)(9).

{¶9} While this court has not addressed whether aggravated vehicular assault meets the definition of an offense of violence, two other appellate districts have determined that it does not. In *State v. Moore*, 4th Dist. Adams No. 18CA1070, 2019-Ohio-1467, ¶ 15, the Fourth Appellate District held that aggravated vehicular assault under R.C. 2903.08(A)(1)(a) is not an offense of violence, reasoning that R.C. 2903.08(A)(1)(a) is not one of the enumerated statutes in R.C. 2901.01(A)(9)(a) nor is it "substantially equivalent" to any of those enumerated statutes. *Id.* As to R.C. 2901.01(A)(9)(c), the court explained that one does not violate R.C. 2903.08(A)(1)(a) purposely or knowingly because violations of the OVI statute, upon which the aggravated-vehicular-assault conviction is predicated, are strict-liability violations. *Id.* Thus, the court held that the trial court erred in imposing a mandatory term of postrelease control. *Id.* at ¶ 16. The Twelfth Appellate District applied the same reasoning when it held that vehicular assault under R.C. 2903.08(A)(2)(b) also was not an offense of violence. *State v. Johnson*, 12th Dist. Madison No. CA2018-06-020, 2020-Ohio-2676, ¶ 35-36.

{¶10} We agree with the reasoning of the Fourth and Twelfth Appellate Districts and hold that aggravated vehicular assault under R.C. 2903.08(A)(1)(a) is not an offense of violence under R.C. 2901.01(A)(9). The violation is not one of those enumerated in division (a), nor is it substantially equivalent to any of those enumerated offenses. Moreover, under division (c), while there is no question that the

5

offense caused physical harm, aggravated vehicular assault is a strict-liability offense. *See* R.C. 2901.21(B) ("When the language defining an offense does not specify any degree of culpability, and plainly indicates a purpose to impose strict criminal liability for the conduct described in the section, then culpability is not required for a person to be guilty of the offense."); *Grange Ins. Co. v. Cleveland,* 2022-Ohio-4303, 203 N.E.3d 6, ¶ 15 (6th Dist.) ("Aggravated vehicular assault is a strict liability offense."); *State v. Bremenkamp,* 1st Dist. Hamilton Nos. C-130819 and C-130820, 2014-Ohio-5097, ¶ 10 ("After all, driving under the influence is a strict liability offense[.]"). Finally, divisions (d) and (e) are clearly not applicable. Therefore, Kamara is not subject to mandatory postrelease control for her aggravated-vehicular-assault conviction.

{¶11} Thus, by advising Kamara that her period of postrelease control was mandatory, the court failed to validly impose postrelease control.

### *IV. Conclusion*

{¶12} We sustain Kamara's sole assignment of error. The postrelease control portion of her sentence is reversed and the case is remanded for the proper imposition of postrelease control consistent with the law and this opinion.

Judgment reversed and cause remanded.

**ZAYAS** and **KINSLEY, JJ.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.