[Cite as *State v. Kamara*, 2024-Ohio-2368.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-230609 |
| | | TRIAL NO. B-2101629 |
| Plaintiff-Appellee, | : | |
| | : | *O P I N I O N.* |
| vs. | | |
| | : | |
| AMANDA KAMARA, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: June 21, 2024

*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Keith Sauter*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Bryan R. Perkins,* for Defendant-Appellant.

**CROUSE, Judge.**

{¶1}     In a prior appeal, this court reversed the postrelease-control portion of the sentence imposed on defendant-appellant Amanda Kamara and remanded the cause for the trial court to properly impose postrelease control. The trial court did so. Kamara now appeals from the trial court's entry correcting the error in its imposition of postrelease control.

{¶2}     In a single assignment of error, Kamara argues that the trial court erred in correcting the error in the imposition of postrelease control outside of her presence. Because Kamara participated in the hearing correcting her sentence by video conferencing, we find her assignment of error to be without merit and affirm the trial court's judgment.

## I. Factual and Procedural Background

{¶3}     Kamara pled guilty to aggravated vehicular assault, a third-degree felony in violation of R.C. 2903.08(A)(1)(a), and operating a vehicle under the influence of alcohol ("OVI"), a first-degree misdemeanor in violation of R.C. 4511.19(A)(1)(a). The trial court sentenced Kamara to three years' incarceration for the offense of aggravated vehicular assault and 180 days' incarceration for the offense of OVI. These sentences were made concurrent. The trial court also informed Kamara that she was subject to a mandatory postrelease-control period of between one and three years, and it imposed a driver's license suspension.

{¶4}     Kamara appealed, challenging in a single assignment of error the trial court's imposition of postrelease control. In *State v. Kamara*, 1st Dist. Hamilton No. C-220614, 2023-Ohio-2146, ¶ 10-11, we held that the trial court failed to validly impose postrelease control because Kamara's conviction for aggravated vehicular assault was

2

not an offense of violence and she was subject to a discretionary, rather than a mandatory, period of postrelease control. We reversed the postrelease-control portion of Kamara's sentence and remanded for the trial court to properly impose postrelease control. *Id*. at ¶ 12.

**{¶5}** On remand, the trial court held a hearing on October 19, 2023, in accordance with this court's instructions. Kamara participated in this hearing via video conferencing. At the hearing, the trial court informed Kamara that "a new entry will go on that will reflect that [Kamara] may have up to two years of postrelease control. All other conditions of the sentence, all other aspects of the sentence shall remain the same." Kamara now appeals.

## II. Sentence was Imposed in Kamara's Presence

**{¶6}** In her sole assignment of error, Kamara argues that the trial court erred to her prejudice by attempting to correct an error in the imposition of postrelease control outside of her presence.

**{¶7}** "Pursuant to R.C. 2929.191, the trial court may remedy [a] faulty postrelease-control notification by holding a limited resentencing to provide the required notifications." *State v. Sanders*, 1st Dist. Hamilton No. C-230131, 2023-Ohio-4551, ¶ 13. R.C. 2929.191(C) provides in relevant part that when the trial court wishes to issue a correction to the notification given to an offender regarding postrelease control, the court:

> shall not issue the correction until after the court has conducted a hearing in accordance with this division. Before a court holds a hearing pursuant to this division, the court shall provide notice of the date, time, place, and purpose of the hearing to the offender who is the subject of

3

the hearing, the prosecuting attorney of the county, and the department of rehabilitation and correction. The offender has the right to be physically present at the hearing, except that, upon the court's own motion or the motion of the offender or the prosecuting attorney, *the court may permit the offender to appear at the hearing by video conferencing equipment if available and compatible. An appearance by video conferencing equipment pursuant to this division has the same force and effect as if the offender were physically present at the hearing*. At the hearing, the offender and the prosecuting attorney may make a statement as to whether the court should issue a correction to the judgment of conviction.

(Emphasis added.)

**{¶8}** Kamara's assertion that the trial court corrected the error in the imposition of postrelease control outside of her presence is simply incorrect. The record clearly establishes that Kamara participated in the hearing by video conferencing, and that her trial counsel did not object to her appearance by video. The trial court verified that Kamara could hear the proceedings and was not muted. When given the opportunity to speak, Kamara stated that she did not have anything to say.

**{¶9}** Kamara's participation in the hearing by video conferencing was permitted by the plain language of R.C. 2929.191(C). The trial court did not correct the error in the imposition of postrelease control outside of her presence. Rather, it complied with R.C. 2929.191(C). Kamara's assignment of error is overruled, and the judgment of the trial court is affirmed.

Judgment affirmed.

4

**ZAYAS, P.J.,** and **KINSLEY, J.,** concur.

Please note:

      The court has recorded its entry on the date of the release of this opinion.